WILLIAM S. HARNEY, Respondent, v. BENJAMIN F. CHARLES
*et al.*, Appellants.

1. *Equity — Taxes, lands sold for, redemption of — Ignorantia legis.*—Within
the time allowed to redeem certain lands sold for taxes, the owner, having
been in the military service, made tender, under the act of March 12, 1867,
of the amount of the tax, with ten per cent. interest. This being refused, he
filed his petition to enjoin the delivery to the purchaser of his tax deed. The
court, after the proceeding had remained in court till after the time for
redemption had expired, decided the act relied on to be unconstitutional and
the claim of the owner to be invalid, but allowed him to add to his tender the
amount required by the statute to redeem, although the time of redemption
had lapsed, and on payment of costs made the injunction perpetual. *Held*,
that the rule *ignorantia legis*, etc., did not apply to such case, especially as
the delay beyond the time of redemption was caused in part by the action of
the court, and that equity in the premises properly relieved against such mis-
take of law.

*Appeal from St. Louis Circuit Court.*

*Hill & Jewett*, for appellants.

*Gantt*, for respondent.

BLISS, Judge, delivered the opinion of the court.

In 1866 the plaintiff's land was sold for the delinquent taxes
of 1864, and one of the defendants became the purchaser. In
1868, before the expiration of the two years allowed for redemp-
tion, he tendered to the county authorities of St. Louis county
the amount of the tax for which it was sold, with six per cent.
interest, which they refused to receive. The plaintiff claimed
that he came within the provisions of the act of March 12, 1867,
allowing those who were in the actual military service of the
United States until two years from their discharge to redeem their
land which had been sold for taxes, and upon payment only of
the amount of the tax and six per cent. interest. Under this view,
after the refusal to receive his tax, he filed his petition in the
Circuit Court, and obtained an injunction to restrain the delivery
to the purchaser of his tax deed for the property, which proceed-
ing was retained in court until after the expiration of the two
years allowed by the general law to redeem lands sold for taxes,

when, upon hearing the court decided against his claim, but under the general prayer of the petition, the dissolution of the injunction was conditioned upon the failure of the plaintiff to bring into court, for the use of the purchaser, the amount paid by him at the sale, with the statutory penalty of a hundred per cent., and interest at the rate of ten per cent. The plaintiff complying with this condition, the injunction was made perpetual, and upon appeal to general term the judgment was affirmed, with the modification that the plaintiff should pay the costs.

The plaintiff does not complain of the judgment below, and we will treat the ruling of the court as correct as against him. But the defendant objects to the permission given him to amend his tender, and claims that it can only be sustained upon the assumption that courts of equity have power to relieve against mistakes of law. It is doubtless true as a general proposition that courts of equity will only grant relief from mistakes of fact, and that all are supposed to know the law. Yet it is also true that in peculiar circumstances equity will relieve as well from mistakes of law. In every case there is such special equity as to make it an exception to the rule, and the exceptions are so numerous that the rule is by no means a universal one. Judge Story labors to narrow the exceptions, but is compelled to admit that both in this country and in England they are so numerous as greatly to qualify the rule. (See Story Eq., §§ 116, 139, notes, and the numerous cases cited. See also Evants v. Strodes, administrator, 11 Ohio 480, and Hunt v. Rousmaniere, 8 Wheat. 174, and 1 Pet. 1.) But in all the cases the party applied for relief from the effects of his action, basing his application upon a mistake of law. The case at bar is different. The plaintiff applied to the court for an injunction against conveying his property and involving its title in a cloud, after having tendered and brought into court the amount designated by the statute. The court held him entitled to the relief, but say that he did not bring in money enough—that the statute upon which he relied was unconstitutional, because retroactive; but under the circumstances he should not suffer from his mistake, but should be permitted to add to his tender the amount required by

the old statute. I know this action appears to conflict with the maxim, *ignorantia legis*, &c. Every one is presumed to know not only the statutes and common law, but also what acts are constitutional and what not—a matter which so often embarrasses the courts. It would not do to adopt any other general rule. And yet where can we find a more equitable exception? Especially when we consider that the delay beyond the two years given him to redeem by the old statute was caused in part by the action of the court. The injunction was allowed under the same view of the law that had deceived the plaintiff. The judge allowing it considered the tender sufficient, but after the case had been held for full consideration, and until it had become too late for the plaintiff to avail himself of the general law, the court decided that, notwithstanding the new statute, he must pay the statutory penalty, and allowed him, under the circumstances, to bring it into court. By this action, the court, in a sense, excused him for his mistake; for it was his duty in the first instance to tender the whole amount, penalty and all. Being, as it were, taken by surprise that the statute itself was held unlawful, he was permitted at the hearing to supply his omission, and, for his ignorance, mulcted in the costs. The court thus saved his limitations, which in ordinary action is preserved by section 19 of chapter 191, Gen. Stat. 1865, after nonsuit or reversal. There was no such error as would justify us in reversing the judgment, which will be affirmed at the costs of the plaintiff. It must not be understood, however, that we hold that chancery will interfere in ordinary cases to relieve a party from his legal mistakes.

Judge Currier concurs. Judge Wagner absent.