NOBLE *et al.* v. BULLIS.

<div style="float:right">23 559<br>120 69</div>

1. **Tax sale: EQUITABLE RELIEF.** A mistake of fact may be a ground of equitable relief to the owner, in a case of tax sale and redemption, as well as in any other case.

2. —— **PRINCIPLE APPLIED.** A person whose land had been sold for taxes, upon hearing of it, went to the clerk to redeem the same, who finding the record of a second sale that had been subsequently made, by mistake, for the taxes of the same year, and never having observed the other sale, advised the owner that it required a certain amount to redeem, which was thereupon paid by him, the clerk delivering to him a certificate of redemption from the second sale. The owner had no knowledge of but one sale, and he intended to, and supposed he was, redeeming from a valid sale. *Held,* that these facts entitled the owner to redeem after the period of redemption had expired, upon his paying to the holder of the tax deed the redemption money with penalty and interest.

*Appeal from Winneshiek District Court.*

THURSDAY, JANUARY 23.

THE plaintiffs were in 1862, and prior thereto, the owners of the "west nineteen feet of the east half of lot one, of block four in Decorah." On the 17th day of December, 1862, and while plaintiffs were the owners thereof, the treasurer of Winneshiek county sold said real estate to one E. Anderson, for the taxes for the year 1861, amounting, with interest and costs, to two dollars and seventy-five cents. A certificate of purchase thereof was issued and delivered to said Anderson, who afterward assigned the same to the defendant, and thereon, the treasurer, on the 14th day of March, 1866, executed to the defendant a tax deed therefor. Said real estate was, by mistake of the treasurer, again sold for the same taxes of 1861; the last sale being on the 4th day of May, 1863, to one John Deleow, for three dollars and twelve cents.

On the 7th day of December, 1864, the plaintiffs, learning of the sale of their property for taxes, went to the clerk to redeem the same. The clerk, finding the record of the second sale, to Deleow, and never having observed the other, advised plaintiffs that it required eleven dollars and forty-eight cents to redeem the same; and, thereupon, plaintiffs paid the clerk that sum, and received from him a certificate of redemption from the second sale, and the said redemption money was paid by the clerk to Deleow. Plaintiffs had no knowledge, or information of but one sale, and they intended to redeem from, and both they and the clerk supposed they had redeemed from, a valid sale. It is alleged that they accepted the certificate, supposing it was a redemption from the only sale of their property, and would not have accepted it if they had known of the other sale; that the clerk gave the certificate of redemption under and through a mistake, and that they never knew of but the one sale until after the delivery of the tax deed to the defendant. They ask that the tax deed be canceled and their title as against it quieted.

The District Court granted the relief as asked. The defendant appeals.

*Reuben Noble* for the appellant.

*E. E. Cooley* for the appellees.

COLE, J. — There is no sufficient reason why a mistake of fact may not be a ground for equitable relief in a case

1. TAX SALE: equitable relief. of tax sale and redemption, as well as in any other case. If the plaintiffs, as is conceded by the record in this case, had no information of any sale of their property for taxes, except of one, a valid and proper sale, and applied to the proper officer, in good faith to redeem the same, and such officer received their

Noble v. Bullis.

redemption money, and gave them a certificate thereof, which was given and received as a redemption from the tax sale for the taxes of 1861, then they ought not to be deprived of the benefit of such redemption by a mere mistake of fact on the part of the officer through whom such redemption must be effected. The good faith, intention and effort to redeem, and the mistake of fact in connection therewith, are conceded in this case. Such mistake of fact, too, lies at the door of the officers of the law, and while superior or extraordinary diligence on the part of plaintiffs *might* have discovered the mistake before the execution of the tax deed to defendant, yet it was not within the range of ordinary diligence in such matters.

The District Court did not err, therefore, in holding, that the redemption by the plaintiffs operated in equity to defeat the defendant's legal title, which would otherwise have vested in him by his tax deed. But the defendant is entitled to the redemption money, since his purchase was a valid one, and carried with it the right to the penalty and interest. The second sale was not valid, nor was the purchaser thereunder, as against plaintiffs, entitled to the statute penalty and interest. And, since the plaintiffs did not make the second purchaser, who has received the redemption money, a party defendant to this suit, so that the defendant, Bullis, might have the money due him as upon redemption, paid to him as an equivalent for the title or right of which he is deprived by the judgment, it was error to cancel the defendant's title, without, at the same time, requiring the plaintiffs to pay to him the proper redemption money, as a condition precedent to any relief under the decree. For this error, the cause is reversed and remanded for further proceedings not inconsistent with this opinion.

Reversed.