## SHOEMAKER EL AL. v. LACEY.

1. **Tax Sale: SEPARATE SALES OF SAME TRACT.** Separate sales of the same tract, at the same time, for the delinquent taxes of different years, are unauthorized. Following *Preston v. Van Gorder*, 31 Iowa, 250.

2. ——: ——: **REDEMPTION.** Where the treasurer on the same day made different sales of the same land for the taxes of different years, and the owner, being aware of but one sale, redeemed therefrom in good faith, he will be permitted to redeem from the other after the expiration of three years, by paying the amount for which the land was sold, with legal interest and penalty.

### Appeal from Warren District Court.

### WEDNESDAY, APRIL 29.

THIS action is brought by plaintiffs in equity for the cancellation of a tax deed, and for general relief. On the trial the District Court rendered judgment for defendant, dismissing plaintiffs' petition. Plaintiffs appeal. The further facts appear in the opinion.

*Todhunter & Williamson*, for appellants.

*Bryan & Seevers*, for appellee.

MILLER, CH. J.—The lands in controversy were sold on the 13th day of October 1864 by the county treasurer to the defendant for the delinquent taxes of 1863, as the S. E. ¼ of N. E. ¼, and the S. W. ¼ of N. E. ¼ of Section 22, Tp. 77, Range 24. The sale book of the treasurer also shows a sale of the same land, described as an eighty acre tract, on the same day to the same purchaser, for the taxes of 1863. The amounts of these two sales differ and there is some evidence tending to show that the sale of the land as an eighty, was in fact for delinquent taxes of 1860, but entered on the book by mistake as for that of 1863, or the figures changed by some person from 1860 to 1863, but it is difficult to form a satisfactory conclusion in regard to this fact. The plaintiffs in due time redeemed, as they supposed, from the sale made on the 13th of October, 1864, for the taxes of 1863, not knowing that

the books showed two sales, or that more than one sale had been made. The certificate of the clerk purports to show a redemption of the S. ½ of the N. E ¼ of Sec. 22, Tp. 77, Range 24, sold October 13th, 1864, for taxes of 1863. The other sale made on the same day not being redeemed from, or rather the record not showing a redemption therefrom, the defendant at the expiration of three years from the date of sale obtained the treasurer's deed for the land, and now claims to hold it under such deed. It is clear that the sum of money paid by plaintiff to redeem was not sufficient to cover both sales. It is, however, equally clear that in making the redemption the plaintiff, as well as the clerk, supposed they were making and intended to make, full redemption from the sale of the land for the taxes delinquent, and the failure to make the redemption complete was caused by the treasurer's unauthorized double sale of

1. TAX SALE: separate sales of same tract. the land. Although there may have been taxes upon the land due, and delinquent for more than one year, still the treasurer had no authority to make more than one sale. *Preston v. Van Gorder*, 31 Iowa, 250, 252. His unauthorized act in making two sales was well calculated to mislead the plaintiffs in making redemption, and we believe did have that effect. We are convinced from all the evidence that the effort to make full redemption was made in good faith, but was defeated by the unauthorized conduct of the treasurer. Equity and good conscience require that plaintiffs should now

2. ——: ——: redemption. be permitted to redeem by paying the amount for which the lands were sold on the other sale as shown in tax sale certificate No. 215, with the legal interest and penalty thereon, but without costs on such sale. *Noble v. Bullis*, 23 Iowa, 559.

REVERSED.