## STRONG ET AL v. BURDICK ET AL.

1. **Mortgage:** LIENS: PRIORITY OF. Where the holder of a first mortgage
   on land also held a third mortgage upon the same land as collateral to
   the first, and the property was sold by him under a foreclosure of the
   latter, it was held that, as the sale operated to discharge the first lien,
   the holder of a second mortgage would be required to redeem therefrom
   by paying the amount of the first mortgage debt.

2. ——: ——: TAXES PAID BY MORTGAGEE. A mortgagee who has
   purchased a tax title on the mortgaged property for the protection of
   his lien, and who does not claim title thereunder as against other lien
   holders, is entitled to add the amount paid by him to his claim, and to
   be reimbursed therefor by a junior mortgagee seeking to redeem.

*Appeal from Winneshiek District Court.*

FRIDAY, DECEMBER 12.

ACTION in equity to foreclose a mortgage and to have the
same decreed to be the prior lien, and also to set aside a decree
and judgment under which the defendant Gill claims certain
rights. Judgment for the defendants, and plaintiffs appeal.

*E. E. Cooley,* for appellants.

*Willett & Willett,* for appellees.

SEEVERS, J.—The facts are, that in November, 1868, John
T. Clark, being the owner of the premises therein described,
executed a mortgage to O. J. Clark. This mortgage was
assigned to the defendant Gill.

In 1869, John T. Clark sold the mortgaged premises to Burdick & Patterson, subject to the payment of the O. J. Clark mortgage, the payment of which. they assumed. To secure the payment of the purchase money, Burdick & Patterson executed a mortgage on said premises which has become the property of the plaintiffs, and which they seek to foreclose in this action, and have declared the prior lien.

In 1874, Burdick & Patterson conveyed the premises to Sacket, who executed to them a mortgage to secure the purchase money. Burdick & Patterson transferred to Gill a portion of the indebtedness secured by this mortgage, and stipulated that any payments made thereon should apply as payment of the O. J. Clark mortgage.

Afterward Gill commenced an action against Sacket, Burdick, and others, to foreclose both of said mortgages in the same proceeding. Judgment was entered against Burdick and others, for the amount due on the O. J. Clark mortgage, and foreclosing the same. There was also rendered a judgment against Sacket for the amount of the indebtedness secured by the mortgage executed by him, which had been transferred to Gill, and also foreclosing said mortgage. A sale of the premises was directed, and that after the O. J. Clark mortgage was satisfied the balance of the Sacket judgment, if realized, was directed to be paid into court for the use of Burdick & Patterson.

An execution was issued which recited the judgment against Burdick *et al.*, and also the judgment against Sacket, and directed the sheriff to sell the mortgaged premises, or so much thereof as was necessary to satisfy the latter judgment. The premises were sold under said execution, and Gill became the purchaser, and at the proper time the premises were conveyed to him by the sheriff.

The plaintiffs were named as defendants in the foreclosure proceeding brought by Gill and the decree and sale cut off their rights under their mortgage. This is the decree they ask to have set aside, and the redress asked was granted because they had not been served with notice of the action. But the court held that the plaintiff's mortgage was junior to the O. J.

Clark mortgage, and required them to redeem therefrom. The court also held the plaintiffs must pay certain taxes paid by Gill. Of so much of the decree as requires them to redeem, and charging them with the payment of taxes, the plaintiffs complain. In relation to which we have to say:

I.   The mortgages, when executed, were liens in the following order:  1, the O. J. Clark mortgage; 2, that under which 1. MORTGAGE: plaintiffs claim; and 3, the Sacket mortgage. liens: priority of. The first and third liens were the property of the defendant Gill; the last lien being held as collateral security for the payment of the first. As the third lien, held by Gill, was larger than the first, the payment of either operated as a discharge or payment of the first lien. If, therefore, the sale of the premises under the circumstances under the third mortgage operated as a payment of the first, the second mortgage from that time became the prior lien.

As Gill was the purchaser at the sale, he did not receive the purchase money, and the effect of the sale was to discharge the first lien. Although it is true that Gill purchased at the sheriff's sale under the third mortgage, yet as the effect of such purchase was to satisfy the first lien, the plaintiffs, as the holders of the second lien, must redeem from Gill, and should pay the amount of the first lien. The effect of the sale and purchase by Gill is the same, so far as plaintiffs are concerned, as if said purchase had been made under the first lien. The plaintiffs are not entitled to have the decree and sale set aside if the effect of the so doing would be so grossly unjust and inequitable as it clearly would be if the claimed relief was awarded to them. He that asks equity must do equity. The plaintiffs should not complain if this rule is made applicable to them. See *Parsons v. Nutting*, 45 Iowa, 404; *Townsend v. Alexander*, 2 Ohio, 19.

II.   In 1875 Patterson purchased the premises at a tax sale. The certificate of purchase was afterward transferred to 2. ——: ——: Gill, who procured a deed from the treasurer. Pat- taxes paid by : mortgagee. terson and Gill were both mortgagees and Sacket was the owner of the legal title. It is conceded by counsel that a mortgagee may pay taxes on the mortgaged property,

and that any one who has the right to and does redeem from him must reimburse the mortgagee for the taxes so paid. But it is said that if the mortgagee purchases the premises at a tax sale and procures a treasurer's deed, that such title, as to a prior or subsequent incumbrancer to that under which the mortgagee claims a lien, is not only void, but the purchaser cannot demand of the party entitled to redeem the taxes so paid.

The defendant Gill concedes as against the plaintiffs that he cannot hold the title under the treasurer's deed, but insists that he is entitled to the amount paid. In other words, he does not, and did not, insist in the pleadings that he had title under the treasurer's deed, and herein lies the distinction between this case and *Fair v. Brown*, 40 Iowa, 209. The decree of the court as to the taxes and the amount to be paid is in accord with *Garrettson v. Scofield*, 44 Iowa, 35.

AFFIRMED.