## The I. F. & S. C. R. Co. v. The Storm Lake Bank.

1. **Tax Sale:** REDEMPTION: MISTAKE. Where an owner of land redeemed from a sale thereof for taxes, receiving from the auditor a certificate showing that he had paid the principal, penalty and interest of the taxes for which the sale was made, together with the principal, penalty and interest of the taxes for certain subsequent years, which had been paid by the purchaser, it was held that he was entitled to redeem from a future sale for certain special taxes, levied for one of the years covered by such certificate but which were not included in those paid by the prior purchaser, although a deed had been executed upon such sale.

*Appeal from Buena Vista District Court.*

WEDNESDAY, APRIL 20.

THE plaintiff brings this action to redeem from a tax sale of lands in the petition described, and for a decree setting aside a tax deed to the defendants for said lands, and quieting the title thereto in the plaintiff. The court granted the plaintiff the relief asked, upon payment into court for the use of the defendant the sum of $13.65, and taxed the costs to the plaintiff. The defendant appeals. The facts are stated in the opinion.

*Robinson & Milchrist*, for appellant.

*Joy & Wright*, for appellee.

DAY, J.—The plaintiff, being the owner of the property in controversy, on the 23d day of October, 1872, entered into a written contract for the sale of said premises to William **1. TAX SALE: redemption: mistake.** Cassidy, for the sum of $264.00, of which sum $52.80 was paid down, and the balance was to be paid in two, three, four and five years. By the express terms of the contract time was made of the essence of the contract, and Cassidy agreed that he would regularly and seasonably pay all taxes which might be lawfully imposed upon the premises. Cassidy paid upon said land, in all, the sum of $105.60, principal, and $25.34, interest. He paid no taxes on the land. On the 17th of November, 1878, his contract was canceled for non-payment. On the 19th day of February, 1874, the land was sold to O. C. Ainsworth for $14.37, the delinquent tax for the year 1872. On the 19th day of February, 1877, the plaintiff, by its agent, applied to the Auditor of Buena Vista County to redeem the land from said tax sale. The auditor issued to plaintiff a certificate of redemption, showing that the plaintiff had redeemed from the principal, penalty and interest, of the taxes of 1872, for which the land was sold, and also from the taxes, penalty and interest, for the taxes of 1873, 1874 and 1875, paid by the purchaser at the tax sale. The amount paid to effect redemption was $98.47, the amount of tax, interest and penalty paid for 1873 being $31.80. The plaintiff relied upon the correctness of the auditor's certificate, and supposed that by the redemption the taxes upon said land were satisfied from the year 1872 to 1875, both inclusive. On the 4th day of October, 1875, the land in controversy was sold at treasurer's sale to Dean & Harker, for $7.67, an alleged delinquent tax for the year 1873. The defendant claims that the tax for which the land was sold was a judgment tax which was not paid by Ainsworth, at the time of paying the other taxes for 1873.

Afterward the Storm Lake Bank was incorporated; the incorporators thereof being Dean & Harker, and one J. F. Toy. On the third day of January, 1876, Dean & Harker

assigned their certificate of purchase of said property to the Storm Lake Bank. On the 14th day of November, 1878, Cassidy quit-claimed his interest in said property to the defendant, and on the 15th day of November, 1878, the defendant procured a treasurer's deed therefor. Prior to the obtaining of said deed notice was served upon Cassidy alone, who was in possession of said premises. Dean & Harker knew that plaintiff was the owner of the property, and knew under what right Cassidy claimed the property.

The plaintiff claims the right to redeem under the doctrine of *Corning Town Co. v. Davis*, 44 Iowa, 622. The writer hereof dissented from the doctrine of that case. But, in the opinion of the writer, the equities in the present case are much stronger in favor of the redemption than in *Corning Town Co. v. Davis*. In this case, it is true, the plaintiff did not offer, as in that case, to redeem from all tax sales and delinquent taxes. But the plaintiff proposed to redeem from a tax sale for a particular year, which conferred upon the purchaser the right to pay the subsequent taxes, and add them to the amount requisite for redemption. The auditor, who was officially intrusted with the business, issued a certificate of redemption, stating that the subsequent taxes had been paid by the holder of the tax sale certificate for the year 1873, and required the plaintiff to pay the amount of principal, penalty and interest, for that year. The certificate of redemption stated that the land had been redeemed for the very year for the delinquent taxes of which the defendant now claims to hold the lands. In this respect the case is a stronger one than *Corning Town Co. v. Davis*, in which the tax receipts did not cover the year for which the lands had been sold. Besides, the plaintiff in this case made no claim to having paid the taxes itself; it knew that Ainsworth had the right to pay them, and had no means of determining from the certificate issued, nor from any tax receipts in its possession, that Ainsworth had not paid the taxes in full. Under such circumstances the plaintiff had a right to rely

upon the auditor's certificate. The reasoning in *Corning Town Co. v. Davis* is, *a fortiori*, applicable to this case. We unite in holding that the plaintiff was entitled to redeem from the tax sale, and to have the deed set aside.

II. It is claimed, however, that the court should have required the plaintiff, in order to effect redemption, to pay the taxes of 1876. The tax sale register shows that the purchaser paid the taxes for 1876, on the 31st of March, 1877, amounting to $16.22. Although this is an equity case, triable *de novo*, yet the appellant has assigned specific errors, in which no reference is made to the fact that the amount required to be paid is too small. It would appear from this that the attention of the court below was not directed to this question, and that it is simply an afterthought, conceived for the first time in this court. If the attention of the court below had been called to this question, it is very probable that the appropriate relief would have been granted. Whilst, therefore, we are of opinion that the judgment should be so far modified as to require the plaintiff to pay the additional sum of $16.20, with penalty and interest, the modification must be at the costs of appellant.

MODIFIED AND AFFIRMED.