BROQUET V. STERLING ET AL.

1. **Practice:** OFFER TO REDEEM FROM TAX SALE: COSTS. Where a plaintiff offers to redeem from a tax sale of property to the defendant, which redemption is decreed upon a trial, the plaintiff is entitled to recover the costs of such trial.

2. **Mortgage:** REDEMPTION FROM TAX SALE: LIEN. A mortgagee who redeems the mortgaged property from tax sale is entitled to a lien for the amount paid in addition to the amount of his mortgage.

*Appeal from Buchanan Circuit Court.*

WEDNESDAY, JUNE 15.

ACTION for the foreclosure of a mortgage on 120 acres of land. The plaintiff amended his petition by averring that after the execution of the mortgage to him eighty acres of the land was sold at tax sale to one of the defendants, and a tax deed made therefor; that the sale was fraudulent and void for various reasons, and the plaintiff offered to pay to the parties entitled thereto the amount necessary to redeem from such tax sale, and asked that he be permitted to redeem therefrom, and that the amount necessary to be paid to redeem from such sale be made a lien upon said premises in his favor superior to any claim of the other defendants. Issue was taken on this amendment by the holder of the tax title. On November 4th, 1879, the cause was tried as to the note secured by the mortgage, and judgment was rendered in favor of the plaintiff and against the mortgagor, for the amount of the note, interest, attorney's fees and costs. On the 5th day of April, 1880, the cause came on for hearing and the plaintiff tendered to the defendants $106 for the redemption of the land from the tax sale. A trial was afterwards had, and the court by consent took the cause under advisement, and in vacation filed a decree declaring the tax deed to be void, and permitting the plaintiff to redeem therefrom, and that the $106 tendered by the plaintiff

should be in full of the redemption. The decree further finds as follows: "That no tender having been made by plaintiff until the trial, all costs, not included in the judgment heretofore rendered against the defendant Sterling, shall be taxed to plaintiff," and the decree directs the sale of the premises in satisfaction of the judgment against the said B. F. Sterling, but omits to make the amounts paid in redemption a lien on the land.

*C. E. Ransier*, for appellant.

No appearance for appellees.

Rothrock, J.—I. The plaintiff claims that having made the offer to redeem at the time he filed his amendment at-

1. PRACTICE: offer to redeem from tax sale: costs.

tacking the tax title, and having succeeded in defeating the title, he should not be required to pay the costs of the trial on that issue. Under the rule established in *Springer v. Bartle*, 46 Iowa, 688, the position of the plaintiff is correct. After the offer to redeem was made the defendant ought not to be allowed to try the validity of the tax title, and, upon the failing in the action, recover costs.

II. It is next claimed that the amount paid in redemp-

2. MORTGAGE: redemption from tax sale: lien.

tion should have been made a lien on the land. In this also the plaintiff is correct. *Strong v. Burdick*, 52 Iowa, 630.

REVERSED.