## CONNOLLY v. CONNOLLY ET AL.

1. **Fraud:** CONSPIRACY TO CUT OUT MORTGAGE LIEN BY TAX DEED: EVI-
DENCE ESTABLISHING. Upon consideration of the evidence in this case, it
is *held* sufficient to justify the decree of the lower court, setting aside
certain tax deeds, on the ground that they were procured by a conspiracy
for the purpose of defeating plaintiff's mortgage, which he seeks in this
action to foreclose.

### *Appeal from Buchanan Circuit Court.*

### WEDNESDAY, APRIL 9.

THIS is an action in equity, by which the plaintiff seeks to
foreclose a mortgage upon certain real estate, and to set aside
certain alleged fraudulent and void tax deeds upon the same.
There was a decree for the plaintiff, and the defendants ap-
peal.

*J. H. & R. J. Williamson* and *H. Boies*, for appellants.

*Lake* and *Harmon* and *John J. Ney*, for appellee.

ROTHROCK, CH. J.—The mortgage sought to be foreclosed,
including the interest, amounts to some $1,600, and the mort-
gaged premises are of the value of about $2,000. The land
was owned by the defendant, Patrick Connolly, and he and
the defendant, Mary Connolly, his wife, executed the mort-
gage to the plaintiff in April, 1865. Soon thereafter the
plaintiff went to Ireland, where he remained until a short
time before the commencement of this suit. The defendant,
John Cain, who is a brother of Mary Connolly, took up his
residence upon the mortgaged premises with Patrick Connolly

some three or four years before the commencement of this suit. He was an unmarried man, and worked upon the farm. Patrick Connolly paid no taxes on the land after the year 1875, and the same was sold for the taxes for the years 1876 and 1877, to J. E. Cook. Cook assigned the tax sale certificates to John Cain on the 10th day of October, 1881, and afterwards the county treasurer executed and delivered tax deeds to Cain for the land.

It is charged in the petition that these deeds are fraudulent as to the plaintiff; that they were made in pursuance of a conspiracy between Patrick Connolly and Cain to cheat and defraud the plaintiff out of the security for his indebtedness. The court below found that the charge of fraud was sustained by the evidence, and a careful examination of the record leads us to the same conclusion. The following are some of the circumstances in the case which induce the belief that the tax deeds are fraudulent:

Patrick Connolly was under no such financial embarrassment as to prevent him from paying the taxes on the land, or from redeeming it after the tax sale. Cain claims that Connolly owed him $600 for three years work, and that he could not obtain payment, and that he bought the tax sale certificates to secure his claim. But both Connolly and Cain testify that, a short time after the tax deeds were made, Connolly paid Cain in full for his labor, and the tax deeds were not taken into account. Cain paid some ninety dollars for the certificates, and in his testimony he made a false statement as to when and where he procured the money to make the payment. It is claimed by counsel for appellee that this is a mere innocent mistake as to the time when he received the money. It does not so appear to us. If it had been a mistake, Cain would have taken the witness stand and made that claim, when he was confronted by witnesses who plainly and unequivocally contradicted him. There are many things in the testimony of Cain and Connolly which are so unreasonable as to beget a belief that they are not truthful. Among

these is the statement that no mention was made between them of the fact that the land had been sold for taxes until after Cain obtained the tax deed, and the statement of Cain that he learned of the tax sales by overhearing a conversation between Cook and Connolly. We might state many other proven circumstances in the case, but it is unnecessary to do so. It is sufficient to say that a fair consideration of the whole record leads us to but one conclusion, and that is that the tax deeds were the result of a fraudulent scheme to divest the plaintiff of his mortgage lien upon the land.

AFFIRMED.