EDWARD C. ROWSE, Executor of EDWARD S. ROWSE, Deceased, Respondent, v. CHARLES P. JOHNSON, Appellant.

St. Louis Court of Appeals, March 24, 1896.

1. Mortgages: FAILURE OF MORTGAGEE TO PAY TAXES: LIABILITY OF INDORSER OF MORTGAGE NOTE. A deed of trust in the nature of a mortgage empowered the beneficiary to pay the taxes on the mortgaged property on failure of the grantor to do so, and to hold the property as security. Subsequently, the land was sold for delinquent taxes, and bought by a stranger who resold it to such beneficiary. Afterward, the land was sold under the deed of trust and bid in by the beneficiary for less than the amount of the note secured by the mortgage, though its value was at least equal to that amount. *Held,* that these facts did not discharge an indorser of the note from liability for the deficiency.

2. ———: ———: EFFECT OF PURCHASE BY MORTGAGEE UNDER TAX SALE. *Held, arguendo*, that the purchase of the land by the beneficiary as aforesaid from the person to whom it had been sold for taxes was, in legal effect, but a payment of the taxes by the beneficiary under the provisions of the mortgage.

3. ———: MERGER OF TITLE. *Held, arguendo*, that a merger of title to land takes place only when the greater and less estate are united in the same person and in the same right, and that there is, accordingly, no merger when the holder of a note secured on land by a deed of trust in the nature of a mortgage acquires title to the land through another source.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*C. P. & J. D. Johnson* for appellant.

(1) By acquiring the absolute title to the property from Allen, as he did, Rowse is precluded from maintaining this action, as the legal and equitable estates in the property in question were, thereby, merged in him, and therefore the debt secured by the note was extinguished. 15 Am. and Eng. R. R. Cases, 321; *Jackson v. Tift*, 15 Ga. 557; *Taylor v. Stockdale*, 3 McCord, 302; *Besser v. Hawthorn*, 3 Oregon, 129; *Lynch v. Pfeiffer*, 110 N. Y. 33; *Norris v. Morrison*, 45 N. H. 490; *Dickason v. Williams*, 129 Mass. 182; *Thomas v. Simmons*, 103 Ind. 538; *Weiner v. Heintz*, 17 Ill. 259; *Baldwin v. Sanger*, 70 Ill. 503; *Byington v. Fountain*, 61 Iowa, 512; *Sieberling v. Tipton*, 113 Mo. 373; *Copes v. Guillebeau*, 34 La. Ann. 1032; 1 Jones on Mortgages, sec. 863. (2) Under the terms of the deed of trust Rowse, the holder of the note, was, as to Johnson, bound to pay the taxes. The sale to Allen, being valid, put the title beyond the reach of Johnson, so that, even if Johnson paid the debt to Rowse, the latter would be responsible to Johnson, the

surety, for the loss of title or lien caused by the purchase thereof from Allen by Rowse.  *Priest v. Watson*, 75 Mo. 310; *Ins. Co. v. Landis*, 50 Mo. App. 116; *English v. Seibert*, 49 Mo. App. 563; *Lower v. Bank*, 78 Mo. 67, 71; 24 Am. and Eng. Encyclopedia of Law, p. 856, and cases cited; *Phares v. Barbour*, 49 Ill. 370; *Port v. Robbins*, 35 Iowa, 212, 213; *Teaff v. Ross*, 1 Ohio St. 469; *Hall v. Hoxsey*, 84 Ill. 616; *Day v. Ramey*, 40 Ohio St. 446; *Crein v. Fleming*, 101 Ind. 154; *Wendell v. Highstone*, 52 Mich. 552; *Black River Bank v. Page*, 44 N. Y. 453.

*Eben Richards* for respondent.

The purchase of the tax title from Allen did not cause the title under the deed of trust to merge, and thereby extinguish the debt evidenced by the note. As against the maker of the note and defendant Johnson, it amounted merely to a payment of the taxes by the holder.  *Windett v. Union Mutual Life Ins. Co.*, 144 U. S. 581; *Broquet v. Sterling*, 56 Iowa, 357; 2 Jones on Mortgages [5 Ed.], secs. 1080, 1134; *Moore v. Titman*, 44 Ill. 367. Defendant Johnson should have protected himself by offering to redeem the property.

BIGGS, J.—On the twenty-eighth day of November, 1883, William Buckmaster executed a note for $1,200, payable at the Fourth National Bank in St. Louis one year after its date, with interest from date at the rate of six per cent per annum and eight per cent per annum after maturity. The note was payable to the order of the defendant, who indorsed and delivered it to Bernard J. Riley, who in turn, and before maturity, sold and delivered it to Edward S. Rowse, now deceased.  To secure the note Buckmaster executed a deed of trust to C. H. Bailey as trustee, wherein he conveyed three lots

in the city of St. Louis. The deed of trust contained the following covenant: "And said party has also agreed to and with said third party, and his indorsees and assignees, to cause all taxes, general and special, to be paid whenever imposed upon said property and within the time required by law, until said note be paid; and, if said agreement relative to taxes and insurance be not performed as aforesaid, then said third party, his indorsees or assignees, may procure said insurance and pay said taxes, and for repayment of all money paid therefor, and interest thereon, these presents shall be a security in like manner and with like effect as for the payment of said note." The general taxes for the year 1884 were not paid, and in November, 1886, a judgment was obtained therefor against the lots. In December following the lots were sold under the judgment for taxes, and N. D. Allen bought them. In 1887 the deceased bought them from Allen. Afterward, to wit, November 19, 1891, they were sold under the deed of trust for $1,000. This sale was made under the orders of the deceased who bid in the property, but under his direction the trustee made the deed to Edward C. Rowse, his son. After paying the costs of sale and the accrued interest on the note, the balance of the $1,000, to wit, $235.40 was indorsed as a credit on the note, leaving a balance due of $964.60.

The present action is by the executor of Edward S. Rowse to recover from the defendant the balance due on the note. It was averred that the note on the day it matured was presented to the Fourth National Bank for payment, and payment was refused, of which the defendant had notice.

The defendant in his answer admitted the execution of the note, but denied that it was presented for payment, or protested for nonpayment, or that he was notified. As special matter of defense it was averred

that the defendant was an accommodation indorser for
Riley; that, under the provisions of the deed of trust,
it was the duty of Rowse to protect the defendant by
paying the taxes on the lots, thereby preserving intact
the lien of the deed of trust thereon, so that the prop-
erty would remain subject to the payment of the note
should the defendant be required to pay the amount
due thereon; that Rowse failed to pay the taxes and
suffered the land to be sold for their nonpayment, by
reason of which the lien of the deed of trust on the
property was lost.

The cause was submitted to the court without a
jury. The note with indorsements thereon and the
certificate of protest and notice, the deed of trust and
the trustee's deed to Edward C. Rowse, were read in
evidence. There was also evidence tending to prove
the purchase of the note by deceased a few days after
its date. The defendant offered in evidence the files of
the tax suit, the judgment therein, the execution and
the sheriff's return thereon, and the deed from the
sheriff to Allen and that from Allen to the deceased.
The defendant also offered evidence to prove that the
value of the property, both at the date of the purchase
by deceased from Allen and at the time of the trustee's
sale, was equal to or exceeded the amount then due on
the note. On objection of plaintiff all of this evidence
was excluded, to which the defendant excepted and still
excepts. At the request of the plaintiff the court
declared the law to be that under the pleadings and
evidence the defendant was liable for the payment of
the balance due on the note, to wit: $1,289.76. Judg-
ment was entered accordingly, and the defendant has
appealed.

The question presented by the record is whether
the facts which the defendant offered to prove consti-
tute any defense to the action. The theory advanced

is that the deceased was (for the defendant's protection) under a legal obligation to pay the taxes on the mortgaged premises, and, having failed in this, and the lots having been sold for the taxes, the lien of the deed of trust which was the primary security for the payment of the debt was thereby lost, by reason of which the defendant was discharged. We have examined the authorities cited in support of this position, but none of them are in point, and we can conceive of no principle upon which it can be successfully maintained. In the first place the mortgage does not provide that the holder of the note *shall* pay the taxes, but only that he *may* pay them. But concede for the argument that it was the duty of Rowse to pay the taxes, yet the defendant was under the circumstances in no way prejudiced by his failure to pay them. Under all of the authorities the purchase by Rowse from Allen was but the payment of the taxes by him, inasmuch as he had the right under the mortgage to pay the taxes, and add the amount to the mortgage debt. *Eck v. Swennumson*, 73 Iowa, 523; 2 Jones on Mortgages, sec. 1134; *Strong v. Burdick*, 52 Iowa, 630; *Windett v. Union Mutual Life Insurance Company*, 144 U. S. 581. Therefore, the defendant was not prejudiced by the tax sale, but at any time prior to the foreclosure sale he could have paid the debt and availed himself of the security afforded by the deed of trust.

But it is suggested that, when Rowse acquired the paramount legal title from Allen, his equitable estate as holder of the note and mortgage was merged in the legal, thereby extinguishing the mortgage and mortgage debt. One of the objections to this argument is that Rowse, as against the defendant, did not acquire an estate in the land by reason of his purchase from Allen. The authorities above cited show that as to the defendant and the mortgagor Rowse's purchase was

equivalent only to the payment of the taxes, and in no manner affected the estate. But, if the law were otherwise, the doctrine of merger could have no application here. The law of merger as applicable to land titles is that, where the greater and less estate meet in the same person and in the same right, the lesser estate is immediately annihilated. This court in the case of *Hospes v. Almstedt*, 13 Mo. App. 270, decided that this rule had no application "where the owner of a note secured by a deed of trust upon land succeeds through another source to the title to the land in fee simple. There is here no union of estates. The ownership of the note does not give him an estate in the land, but merely a power, in the event of the nonpayment of the note, to cause the land to be sold under the deed of trust."

Finding no error in the record, the judgment of the circuit court will be affirmed. All the judges concur.