EMMA GULDNER, Appellee, v. JACOB GULDNER, Appellant, et al., Appellee.

**APPEAL AND ERROR:** Abstracts—Presumption of Completeness. An
1    abstract the completeness and fullness of which is *not* certified to by the attorneys nevertheless carries the presumption that it contains the record with sufficient completeness to enable the court to pass upon every question. A sweeping general denial by appellee avails nothing.

**TAXATION:** Sale—Equitable Redemption — Justifiable Circumstances.
2    A party to whom property has been awarded as alimony may redeem from a tax deed when she had no knowledge of the tax sale until after the execution of the deed, and was the victim of a conspiracy between her former husband and the tax-deed grantee to deprive her of the property through the tax deed.

**TAXATION:** Sale—Equitable Redemption—Sufficiency of Tender. An
3    *offer in the pleadings* to pay the amount necessary to effect an equitable redemption from a tax sale is all-sufficient.

**TAXATION:** Sale—Equitable Redemption—Costs. Costs in an action
4    for equitable redemption may properly be taxed to the deed holder.

Headnote 1: 4 C. J. pp. 395, 402. Headnote 2: 37 Cyc. pp. 1421, 1493, 1518. Headnote 3: 37 Cyc. pp. 1421, 1498. Headnote 4: 15 C. J. p. 35; 37 Cyc. pp. 1421, 1524.

*Appeal from Scott District Court.*—F. D. LETTS, Judge.

APRIL 7, 1925.

ACTION to set aside tax deed. Plaintiff was granted the relief prayed, and defendant appeals.—*Affirmed.*

*J. P. Pedersen* and *Smith & Swift,* for appellant.

*Cook & Balluff,* for appellee.

ALBERT, J.—I.  A question of procedure is raised herein, of which we will first make disposition.

Appellant herein filed his abstract of record, to which there was no certification of attorneys attached as to the correctness of the same.  The appellee filed an additional abstract of record,
setting out certain exhibits and documentary evidence, and in the certificate attached thereto says:

1. APPEAL AND
ERROR: ab-
stracts: pre-
sumption of
completeness.

"But we aver that said additional abstract of record does not contain all of the evidence omitted from appellant's abstract of record, and appellee denies that said abstract of record, and this additional abstract of record together, set forth all of the evidence offered and introduced on the trial."

It is urged in argument that this case cannot be heard *de novo* because of the fact that not all of the record made in the district court is now before this court.

Prior to the time the Code of 1897 went into operation, there were numerous decisions by this court, holding that an abstract of record must contain a certificate from the attorneys that the abstract contained all the evidence offered or introduced in the trial court.  This rule prevented the submission of many cases in this court, because of the lack of such certificate.  In order to avoid this situation, the Code of 1897, Section 4118, provided:

"Printed abstracts of the record shall be filed in accordance with rules established by the Supreme Court, and shall be presumed to contain the record, unless denied or corrected by subsequent abstract."

The effect of this section is to make a presumption that the abstract, when filed, contains all of the record, in the absence of a denial or correction by subsequent abstract.

Under the rules of this court which became effective January 1, 1911, Rule 32 was adopted, incorporating the above quoted part of Section 4118 of the Code of 1897, and adding thereto the following:

"Every denial shall point out as specifically as the case

will permit, the defects alleged to exist in the abstract. A denial by appellee shall be taken as true unless the appellant sustains his abstract by a certification of the record.''

A reference to the above quoted certificate from the appellee's amended abstract raises the question of whether or not the denial there made is sufficient to call for the penalty for failure to comply with the rule. The denial·referred to does state that, at the time of its filing, the original abstract, together with the additional abstract of the appellant, does not set forth all of the evidence offered and introduced on the trial of the case. This calls for an ·application of the above rule of this court. It is to be noted, however, that, if the appellee wishes to deny the correctness of the appellant's abstract, the rule requires that he must point out, as specifically as the case will permit, the defects .alleged to exist in the abstract.

In the case of *Kossuth County St. Bank v. Richardson*, 132 Iowa 370, at 377, it appears that the appellee denied that the abstract, with amendments and additions thereto, contained all of the evidence offered, introduced, read, or received upon the trial; and it was insisted, in that case as in this, that because of this denial the cause could not be heard *de novo*. It was there said that this was not·a sufficiently specific pointing out of the defects alleged to exist in the abstract, and it was held that this was not a sufficient compliance with the rule of the court to be considered a denial.

In *Kubli v. First Nat. Bank*, 193 Iowa 833, at 837, we had under consideration a statement as follows:

''We further deny that appellant's abstract is a complete abstract of the whole record in the case, and we certify that the two abstracts together do not contain all of the evidence offered and received upon the trial of the cause.''

Commenting on such denial, we said:

''The mere general allegation by appellee that the appellant's abstract does not disclose all the evidence is too general, and will not be considered. * * * The denial, to be of any effect under our rules, must 'point out, as specifically as the case will permit, the defects alleged to exist in the abstract.' In the absence of such specific denial, 'the abstract, with amendments and additions, is presumed to contain the record with sufficient

completeness to enable the court to pass upon every question raised.' ''

We have no disposition to digress from these pronouncements, and therefore the contention of the appellant is overruled.

II.    On the 12th of May, 1900, the defendant Hugo Guldner, who was then the husband of appellee herein, acquired title to a residence lot in the city of Davenport. He erected a dwelling house thereon, which he and his family subsequently occupied as a homestead. The defendant Jacob Guldner is the brother of the defendant Hugo Guldner. The relation between the families of these two brothers seems to have been friendly and cordial until the date of the divorce proceedings, to which reference is hereinafter made. Trouble arose between Hugo and the plaintiff herein, resulting in the appellee's leaving her husband, about the 12th of October, 1921, and staying thereafter with her mother at the mother's residence in Davenport.

2. TAXATION: sale: equitable redemption: justifiable circumstances.

Plaintiff's divorce was granted to her on the ground of cruel and inhuman treatment; and she of course was, therefore, warranted in leaving the husband when she did. The decree of divorce was entered in the district court of Scott County, Iowa, on the 16th day of January, 1922. Among other things, the appellee was decreed to be the owner of an undivided two-thirds interest in the property in controversy, and appellee was decreed to be entitled to the use and occupancy of said real estate, or to all rents or income produced therefrom so long as she lived, and continued to own the undivided two-thirds interest therein, it being the intention to give the plaintiff the right to occupy or rent the entire premises, including defendant's one third, without liability to account to him, until such time as she disposed of her own title, or until her death; in either of which events, Hugo Guldner was entitled to the immediate possession and control of the undivided one third thereof, which was granted him by the decree.

On the 5th day of June, 1918, the city of Davenport levied a special assessment for paving against such property. This special assessment was never paid; and on the 24th of February, 1919, the property was sold for the delinquent special assess-

ment to one G. H. Peck, to whom a certificate of purchase was issued. On the 14th day of January, 1921, Peck assigned said certificate of purchase to the appellant, Jacob Guldner.

After the appellee herein left the homestead, in October, 1921, Hugo Guldner continued to occupy the same, but moved therefrom on the 19th day of December, 1921. On the 15th day of the same month, Jacob Guldner caused notice to be served on his brother Hugo of the expiration of the period of redemption from the tax sale hereinbefore referred to. On the 20th day of March, 1922, tax deed was duly issued to Jacob Guldner. On the 4th day of April following, he served a three-day notice on the appellee herein to quit and surrender said premises. On the expiration of said notice, he instituted a forcible entry and detainer case in the justice court, against the appellee herein, for possession of the property in controversy. The appellee herein thereupon instituted this action, praying that she be permitted to redeem from said tax sale and that her title be quieted, and for temporary injunction to restrain the justice proceedings of forcible entry and detainer. The defendant Hugo Guldner defaulted, and the appellant, Jacob Guldner, introduced no evidence on the trial of this case, except to introduce his tax deed to the property. So far, there seems to be no dispute as to the above recited facts.

The evidence in the case shows that the appellee herein had had very little business experience, and depended upon her husband to look after the financial affairs of their domestic concern. At the time of the divorce proceedings, and prior thereto, the husband, Hugo Guldner, represented to his then wife that the property was free from incumbrance, and that all taxes had been paid on the same; and in pursuance of this, the decree was entered, fixing the wife's rights in said property as hereinbefore set out. She knew nothing of the existence of this outstanding tax sale until the notice was served, to dispossess her.

Jacob Guldner was conversant with the family relations between Hugo Guldner and his wife, and their troubles. The association of these two brothers, for some time prior to the divorce proceedings, was intimate. It seems that Jacob ran a restaurant, and Hugo boarded with him most of the time.

Jacob Guldner never, at any time prior to the service of his notice on the wife to dispossess her, advised her about his owning the tax deed. He made no effort to serve a notice on her of the taking of the tax deed; and another peculiar circumstance is that his brother moved out of said property about three days after Jacob Guldner had served notice on him with reference to the deed.

The tax certificate, when it was originally issued, was issued to G. H. Peck,. who was an attorney connected with the firm of attorneys representing Jacob Guldner. It is shown by the evidence that Peck at no time had any money with which to purchase tax deeds; and we are quite satisfied from the record that the deed was in fact purchased for and at the instance of Jacob Guldner. We are further satisfied from the record that there was a secret understanding between Jacob Guldner and his brother Hugo, and that they combined to defeat this woman of her rights in the property.

The whole record in this case abundantly satisfies us that the appellee was wholly ignorant of the exact situation as it relates to this tax sale, and that her husband lulled her into security while the brother Jacob carefully refrained and secreted from her the knowledge of his relation to the property and his relation to this tax sale. The action of the appellant, Jacob Guldner, seems to us not to have been in good faith. The appellant, Jacob Guldner, by this process acquired a residence property valued at something over $4,000, on an investment of less than $50.

From this record we are satisfied that the district court properly found the equities to be with the plaintiff.

Section 1440 of the Code of 1897 provides that any person who is entitled to redeem in the proceedings resulting in a tax deed shall do so in an equitable action, in which all persons claiming an interest to the land derived from the tax sale are made defendant; and prohibits redemption in any other manner.

The plaintiff has availed herself of this statutory provision; but, in order to maintain her action successfully, she must show equitable circumstances' as an excuse for not having made redemption herself. These equitable circumstances must vary, necessarily, with the various situations that may arise, and no

fixed rule can be made that will control all cases, as to just what such equitable circumstances are that will permit an action in equity to redeem as to the sale, as well as the deed. *Bitzer v. Becke,* 120 Iowa 66; *Teabout v. Jaffray & Co.,* 74 Iowa 28.

Equity will afford relief and permit redemption under circumstances where the failure to redeem within the statutory time is due to a mistake of fact. *Noble v. Bullis,* 23 Iowa 559; *Shoemaker v. Lacy,* 38 Iowa 277; *Henderson v. Robinson,* 76 Iowa 603.

Where a purchaser under contract was in possession, and notice of expiration was served upon him, followed by a tax deed, and the real owner subsequently forfeited the contract, it was held that the owner was entitled in equity to redeem. *I. F. & S. C. R. Co. v. Storm Lake Bank,* 55 Iowa 696.

Of course, fraud in the procurement of the tax deed will always be available as a basis for equitable relief. *Connolly v. Connolly,* 63 Iowa 202; *Leas v. Garverich,* 77 Iowa 275. It need not be actual fraud, but may be constructive fraud. *First Cong. Church v. Terry,* 130 Iowa 513; *Ellsworth v. Cordrey,* 63 Iowa 675; *Dohms v. Mann,* 76 Iowa 723; *Lynn v. Morse,* 76 Iowa 665.

Close family ties, intimate associations, and actual trust and confidence are also matters that should be considered in cases of this kind. *Lampman v. Lampman,* 118 Iowa 140; *Bettendorf v. Bettendorf,* 190 Iowa 83.

Plaintiff was not required to make a tender that will be sufficient in law, but he may offer in his pleadings to pay the amount found due by the court. This is sufficient. *Crawford v. Liddle,* 101 Iowa 148; *Nicodemus v. Young,* 90 Iowa 423. That the costs were properly taxed against the defendant, see *Broquet v. Sterling,* 56 Iowa 357.

**3. TAXATION: sale: equitable redemption: sufficiency of tender.**

**4. TAXATION: sale: equitable redemption: costs.**

This disposes of all material questions in the case, and the ruling of the district court was right.—*Affirmed.*

Faville, C. J., and Evans and Arthur, JJ., concur.