## SALTER v. THE CITY OF BURLINGTON ET AL.

1. **Taxation**: HOMESTEAD: MUST BE LISTED SEPARATELY. To exempt the homestead from liability for taxes accruing upon other property, it must be listed separately as a homestead.

2. ——: ——: ——. That the homestead is the only real estate of the taxpayer does not relieve him from the necessity of listing it separately, in order to thus limit its liability.

| 42 | 531 |
| 120 | 68 |

*Appeal from Des Moines District Court.*

FRIDAY, MARCH 24.

THE petition states that E. E. Gay, one of the defendants, in 1869 made his note to the plaintiff and executed a mortgage to secure the same on his homestead; that said note is due and unpaid, and that defendants and all other citizens of Burlington well knew that the property mortgaged had been the homestead of said Gay ever since A. D. 1856. That on the 28th day of August, A. D. 1871, certain taxes assessed by the city of Burlington upon the personal property of said Gay were delinquent, to pay which said homestead was sold to the defendant, R. M. Green, who transferred his certificate of purchase to the defendants, Heisey and Ransom, and that they have each year since said sale paid the taxes assessed against said Gay; the larger part of which were taxes assessed on personal property, the whole amount due Heisey and Ransom being upwards of $700, including penalties and interest, there being due however for taxes, interest and penalty exclusively on the homestead only the sum of $204 30-100. A tender of more than this amount is averred and an offer is made to pay that

sum in full of all claims or liens on the homestead property growing out of the sale for taxes.

An injunction is asked and the proper and usual relief is prayed for. The defendants, Heisey and Ransom, demurred to the petition and the abstract states: "In which demurrer the city of Burlington and other defendants joined." The demurrer was sustained and, the plaintiff refusing to amend, final judgment was rendered dismissing the petition. Plaintiff appeals.

*Thomas Hedge, Jr.*, for appellant.

The listing of property for taxation purposes is necessary to describe and identify the property. (*McCready v. Sexton*, 29 Iowa, 389.) The real and personal property having been listed separately and there being no realty but the homestead, it was not essential that the word homestead should be written in the tax list. (Brown's Legal Maxims, 6 Am. ed., 123; *Kaster v. Pierson*, 27 Iowa, 94.) It is only by implication that the separate listing of the homestead is commanded by statute. (Revision, § 2280; *Stewart v. Corbin*, 25 Iowa, 148.) There is an implied contract between those homesteads acquired prior to 1862 and the State that the homestead should only be liable for taxes accruing thereon. (Story's Commentaries, § 1378.) Under the Revision such a sale as the one complained of could be set aside as void at any time within five years after the execution of the tax deed. (*Eldridge v. Kuehl*, 27 Iowa, 177; *McCready v. Sexton, supra*.) Any law which enlarges, abridges or imposes new conditions not expressed in the contract impairs its obligation. (Story's Commentaries, § 1385; *New Jersey v. Wilson*, 7 Cranch., 164; *Terrett v. Taylor*, 9 Id., 52; *Seymour v. Hartford*, 21 Conn., 485.)

*S. K. Tracy* and *Hall & Baldwin*, for appellees.

Where there are several grounds of demurrer, the assignment should state which is relied on as error. (*Brewington v. Patton*, 1 Iowa, 123; *Hawes v. Twogood*, 12 Id., 582.)

An injunction restraining the collection of taxes will not be granted if its effect shall be to delay the proceedings of officers, to the public detriment. (*Warden v. Supervisors*, 14 Wis., 618; *Smith v. Leavenworth*, 9 Kan., 298.) Creditors of the tax debtor cannot, on the ground that it would impair their security, interfere to stop the collection of a tax upon their debtor's homestead. (*Henchfeldt v. George*, 6 Mich., 456; *Barker v. Rollins*, 30 Iowa, 412.) The statute exempting the homestead from liability for the debtor's taxes, being in derogation of the common law, must be strictly construed. (*Rex v. Otter*, 5 Denio, 119; *People v. Plumstead*, 2 Mich., 465; *Helfenstein v. Cave*, 3 Iowa, 288.) Privileges granted to debtors by existing exemption laws are not, as to the particular property exempted, vested rights. (*Bull v. Conroe*, 13 Wis., 233.)

SEEVERS, CH. J.—One ground of demurrer is that it is not "alleged the homestead was listed separately as a homestead

**1, TAXATION: homestead: must be listed separately.** which was necessary in order to exclude its liability for other taxes than such as accrued thereon." Section 766, Revision, among other things provides, "the homestead is liable to be sold for no tax save that which is due on itself exclusively." In 1862, Acts of the Ninth General Assembly, Chap. 173, Sec. 9, all that part of section 766 relating to the homestead was stricken out and the following enacted in lieu thereof: "In all cases where the homestead is listed separately as a homestead, it shall be liable only for the taxes thereon." And said section 766 as thus changed now constitutes Sec. 876 of the Code. In *Penn v. Clemons*, 19 Iowa, 377, the taxes were levied and had become delinquent before the passage of the act of 1862, which it was held did not apply. This case was followed in *Stewart v. Corbin*, 25 Iowa, 145. Wright, J., however took occasion to say: "Following the doctrine there (in *Penn v. Clemons*) announced (as I do with no little doubt, as applied to this question, and yet preferring in matters relating to real property to stand by decisions for the sake of certainty if nothing more), it follows that this sale is void." The question now

Salter v. The City of Burlington.

before the court is presented for the first time, neither of the cases cited being like this; the essential difference being, that the assessment levy and sale all transpired subsequent to the taking effect of the act of 1862, which materially changes the previous law. Before 1862 the homestead "could only be sold for taxes due on itself exclusively." This is something very different from, "in all cases where the homestead is listed separately as a homestead it shall be liable only for the taxes thereon." To exempt the homestead from liability for taxes on other property, it must be listed separately as a homestead; this is the plain and explicit language and no refined reasoning can avoid the meaning or effect of the provision. When the act of 1862 took effect and the assessment, levy and sale were made, the law was that taxes due from any person upon personal property should be a lien upon any real estate, owned by such person, or to which he may acquire title. Rev., 759.

It is however urged that the law of 1862 impairs the obligation of a contract, because as Gay acquired the homestead before that law was passed, and the law being, when acquired, that it could only be sold for taxes accruing thereon this could not be subsequently changed. In this view we do not concur. The cases cited are not in point. They all go only to the extent when the legislature in express terms contracts that certain property shall be exempt from taxation upon a consideration deemed sufficient, such contract cannot be abrogated by a subsequent legislature. There is not even the semblance of a contract here.

It is also urged that "listed separately as a homestead" means only separately from other real estate, and as Gay had no other real estate, the law is meaningless in this case. By listing separately as a homestead amounts to claiming it as a homestead for the purposes of taxation, and the owner thereby elects that it shall not be sold for any taxes other than those accruing thereon. This is his personal privilege. To exempt it, the property must be listed as a homestead.

AFFIRMED.