## PEARSON v. ROBINSON ET AL.

1. **Tax Sale**: REDEMPTION FROM: WHEN TO BE MADE. The owner in fee simple of land which has been sold for taxes is only entitled to redeem within three years from the sale, and cannot insist upon that right after the period has expired, whether a deed has been made or not.

2. ———: COMBINATION. Where a tax purchaser subsequently assigned his certificate to another who had an agent bidding for him at the same sale, the latter announcing for whom his bids were made, it was *held* there was no illegal combination vitiating the sale.

3. ———: ———. That one acts as the agent of two purchasers at a tax sale does not *per se* constitute fraudulent and illegal combination.

*Appeal from Tama District Court.*

THURSDAY, OCTOBER 19.

ON the 25th day of May, 1873, plaintiff filed his petition, in substance as follows:

*First Count.* That plaintiff is the fee simple owner of certain described lands; that on October 4th, 1869, the treasurer of Tama county sold said land to the defendant, Robin-

son, for $11.02, the delinquent taxes due thereon for the year 1868; that since his purchase defendant has paid taxes on said land which, together with said $11.02 and interest and penalties, now amounts to $111.00; that on the 28th day of April, 1873, plaintiff tendered to the auditor and treasurer of said county $116.00 to reimburse defendant and to redeem the premises; that on April 29th, 1873, plaintiff tendered the same amount and for the same purpose to Jacob Yeiser, Jr., defendant's agent; that the treasurer has not made any deed in pursuance of the sale; that plaintiff is ready and willing to pay defendant such sum as may be found due him by reason of such sale, and the payment by him of the delinquent taxes on the land; that the treasurer will make defendant a deed unless restrained.

Plaintiff prays for an accounting of the amount due defendant; that plaintiff may be permitted to redeem said land on payment of the amount ascertained to be due defendant, and that said sale be set aside and held for naught, and the title be quieted in plaintiff.

The second count alleges that there was fraud at the sale, and prays that plaintiff be permitted to redeem, as in the first count.

The defendant demurred to the first count of the petition, for the reason that it does not state facts constituting a cause of action. This demurrer was overruled, and the defendant excepted and elected to stand upon his demurrer. The defendant, for answer to the second count, denies the allegations of fraud. The court made the following findings of fact and of law:

"1.   It is conceded that at the time the tender was made and this suit commenced no deed was made by the treasurer to F. M. Robinson, the purchaser at the tax sale. It is also conceded that more than three years elapsed after the sale and before the tender.

" 2.   I find from the testimony that there was no illegal combination among the bidders at the sale so as to prevent fair competition, and that, on this ground, the sale is and was valid; and to this finding the plaintiff here now excepts.

" 3. I find as a proposition of law that, as the treasurer had made no deed to defendant at the time of the tender, and at the time of the commencement of this suit, the plaintiff had the right to redeem. The defendant had no title to the land; he had nothing more than a lien for the taxes and penalties, although more than three years elapsed between the date of the sale and tender, and commencement of the suit. There should be a decree entered for the plaintiff upon his paying into court the amount necessary to redeem. As to this last finding the defendant now here excepts."

The money to redeem was paid in, and a decree was entered as prayed in the petition. The defendant appeals. The plaintiff also appeals from the second of the court's findings.

*G. R. Struble*, for plaintiff.

*Bradshaw Bros.* and *Adams & Robinson*, for defendant.

DAY, J.—I. By the ruling upon the demurrer and the legal conclusion made the basis of the decree, the court below determined that the right to redeem from a tax sale exists until the deed is executed, even if this should extend the time beyond three years from the date of sale.

Chapter 173, Laws 1862, section 13, provides that real property sold for delinquent taxes may be redeemed at any

1. TAX sale: redemption from: when to be made.

time before the expiration of three years from the date of the sale. The legislature might have provided that, upon a sale of land for taxes, a deed should be executed to the purchaser, and might have refused to make any provision for redemption. But, very wisely, a different course has been pursued, and the statute provides that real property so sold may be redeemed. May be redeemed when? The statute says "may be redeemed at any time before the expiration of three years from the date of the sale." As the right to redeem is created by the statute, it must be exercised within the time prescribed in the statute. The conferring of a right to redeem at any time before the expiration of three

years as effectually negatives the right to redeem after that time, as though the statute had expressly declared that after three years from the sale there shall be no redemption. This is plain, when it is considered that if the statute had not provided for redemption there could have been none. When, then, the statute says redemption may be made before the expiration of three years, courts cannot declare that it shall be made after that time. When a statute creates a right, and prescribes the time and manner of exercising it, an inhibition is implied upon exercising it in another manner and time. The case of a sale upon execution is analogous. Real property sold upon execution, without appraisement, may be redeemed within one year from the date of sale. It has never been claimed that this time would be extended by the failure to take a deed.

It is true, the legal title does not vest in the purchaser at a tax sale until he procures a deed. Nor does the legal title vest in the purchaser of real property at sheriff's sale until the execution of a deed. It is claimed that, until a purchaser at a tax sale obtains a deed, he has a mere lien for the taxes advanced and penalties. In a qualified sense, this is true; but it does not follow that this lien may be displaced at any time, notwithstanding the limitation of the statute. The deed becomes conclusive of many things. At any time before the deed is executed, the owner may avail himself of many irregularities or omissions, which he would be estopped by the execution of the deed from insisting upon. But, if the sale has in all respects been regularly conducted, and the preceding steps have been properly taken, so that the owner of the land is entitled simply to his right to redeem, he must exercise that right before the expiration of the time limited by statute, whether a deed has been executed or not. See *Eldridge v. Kuehl*, 27 Iowa, 160 (174); *Spengin v. Forry*, 37 Id., 242.

II. The plaintiff appeals from the finding of the court that there was no illegal combination among the bidders, so as to
2. ——: combi- prevent fair competition. The testimony shows
nation. that there were several persons present, bidding at the sale. Charles L. Bailey was there bidding in lands for

G. L. Bailey, agent for L. F. Parker. A. H. Lawrence was present, acting as the agent of the defendant, F. M. Robinson. Lawrence bid in the lands in his own name, and then assigned the certificate to Robinson. Anxious to procure as much land as possible for his principal, Lawrence procured Charles L. Bailey to bid in some lands for Robinson. Until about the middle of the forenoon, C. L. Bailey indicated in his bid that the lands were not for himself, and had them marked alternately to Robinson and to Parker. Afterward, C. L. Bailey bid in his own name, assigned the certificates in blank, and delivered part to Lawrence and part to G. L. Bailey. The land in controversy was struck off to defendant Robinson in his own name. It must, therefore, have been purchased by Bailey while he was indicating the persons for whom he was bidding. The evidence does not show that there was any combination or arrangement among the bidders, as to the manner or order of bidding.

The only facts which are shown are that Bailey bid in for Robinson and for Parker, indicating that fact in his bids, and that Lawrence bid in his own name lands intended for, and which were afterward assigned to, the defendant Robinson.

We cannot see how the fact that Bailey bid for two parties can vitiate the sales, especially as long as he indicated the fact that he was so bidding and made no concealment. Nor does the fact that Lawrence and Bailey both bid for Robinson render the sale to him fraudulent.

It is true the other bidders, if they had known that Lawrence was bidding for Robinson, might have concluded that he was trying to overreach them, and in a spirit of rivalry, to prevent him from accomplishing his purpose, they might have bid down the quantity. But the owner of the land has no legal ground of complaint that this species of rivalry was not created, notwithstanding the fact that it might have inured to his advantage, if it had existed.

We are of opinion that the court rightly held that the sale was not invalid on account of fraud.

For the error in sustaining the demurrer, and holding that plaintiff might redeem after three years, the judgment is

                                                    REVERSED.

ADAMS, J., being of counsel, took no part.

ROTHROCK, J., *dissents*.

### ON REHEARING.

BECK, J.—A rehearing was granted in this case upon the petition of plaintiff, claiming that there is error in the fore-s. —: ——. going opinion upon the point that there was no illegal and fraudulent combination, as shown by the record, in the tax sale. No other consideration is urged by the plaintiff against our decision. We have given the point careful attention upon the re-submission of the cause on the re-argument, and have discovered no ground upon which, in our judgment, a doubt of the correctness of our decision can be based. Our opinion holds, as a matter of law, the act of one man as the agent of two others in bidding at a tax sale does not *per se* amount to an illegal and fraudulent combination. The fact that two bidders at a tax sale do not compete with each other, that is, that one will not bid against the other, does not render the sale illegal. The case would be otherwise were there an agreement between bidders not to compete. If the two bidders employ each an agent, the case would be the same. If they employ the same person to act as their agent, without any understanding that the arrangement is for the purpose of preventing competition, it cannot be regarded as fraudulent. The bidding of the agent would in effect be the same as the bidding of the principals themselves without competing with each other, which, as we have seen, would not be illegal. This is the precise case before us.

The record shows that there was no fraudulent agreement between the purchasers for whom the agent bid, and that there was no arrangement between the bidders at the sale which prevented competition. The sale must be held valid. We adhere to the conclusions announced in the foregoing opinion.

ADAMS, J., took no part in the decision of this case.