HARRISON v. OWENS.

1. **Tax Sale:** REDEMPTION: EQUITIES. A party will not be allowed to redeem lands from tax sale after the expiration of the statutory period for redemption, unless the evidence shows strong equities entitling him . to relief.

*Appeal from Palo Alto District Court.*

MONDAY, DECEMBER 12.

THE plaintiff claims to be the owner of certain lands in his petition described, by virtue of certain tax deeds executed on the 29th day of October, 1877, pursuant to a sale made October 5, 1874, for a delinquent tax of 1873, and brings this action to quiet his title to said lands. The defendant, John E. Owens, claims to be the patent title owner of said land, and by way of answer and cross-bills, amongst other things, alleges certain facts which he claims entitle him to redeem from the tax sale.

The cause was tried upon written evidence, and a decree was entered quieting plaintiff's title, and dismissing defendants'

cross-bill.   The defendant appeals.   The facts are stated in the opinion.

*Chase & Cooil*, for the appellant.

*Harrison & McCarty*, for appellee.

DAY, J.—The plaintiff objected to certain evidence which was introduced to prove that the defendant was the patent title owner of the land in controversy, and now insists upon its insufficiency to establish that fact.   In the view which we take of the case this question needs not to be considered.

The only ground upon which the defendant in the argument claims to be entitled to relief is that he made such efforts to
1. TAX SALE: redeem before the execution of the deed, as now
redemption:
equities.   in equity entitle him to redeem.   Upon this point there is some conflict in the evidence, but the facts established by the preponderance of the evidence are as follows: The lands in controversy are situated in Palo Alto county.   Due notice of the expiration of the period of redemption was given by publication, and the notice and proof of service thereof were duly filed in the treasurer's office July 25, 1877.   The period of redemption expired on the 23d day of October, 1877.   On the 27th day of September, 1877, the defendant John E. Owens, went to Emmetsburg for the purpose of redeeming these lands, arriving there about noon, and remaining till about half past four.

He immediately went to the office of Shea & Brown, bankers and real estate agents, and informed Mr. Brown, a member of the firm, who was also county treasurer, that he had come to redeem his lands.   He was shown by Mr. Brown the notice to redeem, and was informed of the time when the period for redemption would expire.   During his stay at Emmetsburg, he went three times to the auditor's office for the purpose of redeeming, and at each time he found the office locked, although the auditor was in his office at some time

during that day.   He then returned to the office of Shea & Brown, and left with them $500 to be applied on the redemption of his lands, and took their receipt therefor.   He did not, however, authorize them to effect redemption of the lands in question, but informed them that he would himself return and attend to the matter in person.   On the 24th day of October, 1877, the defendant wrote Messrs. Shea & Brown from Webster City, stating that he had been sick and could not attend to the matter sooner, and authorizing them to redeem all the lands in question.   On receipt of his letter on the 26th day of October, 1877, Brown went to the auditor's office to redeem but the auditor would not allow redemption, on the ground that the time therefor had expired.   These facts, in our opinion, do not entitle the defendant to relief.   Twenty-six days for redeeming remained after the day that the defendant went to the auditor's office to redeem.   He was not excused from making any further effort to redeem simply on account of the fact that he went there.   The $500 were not left with Brown as treasurer, but with the firm of Shea & Brown, and their receipt taken therefor.   They were informed that the defendant would return in time to effect the redemption in person, and they were not authorized to use the money for the purpose of redeeming, until after the period for redeeming had expired. The case, in its equities, falls very far short of the cases in this court in which relief has been granted on account of the ineffectual effort to redeem.   In our opinion, the decree of the the court is right.

AFFIRMED.