## LONG v. SMITH ET AL.

62   329
92   104

62   329
120   69
120   70
e120   71
120   112

1. **Tax Sale and Deed:** DEFECTIVE NOTICE: CERTIFICATE NOT MERGED IN VOID DEED. Where the holder of a certificate of purchase at tax sale surrendered his certificate and obtained a deed upon a defective and insufficient notice of the expiration of the time of redemption, the deed was void, and the surrender and cancellation of the certificate were also void, and the holder thereof had the right thereafter to proceed thereunder to lay the foundation for a deed by giving proper notice.

2. ———: REDEMPTION FROM: OFFER TOO LATE. Where the owner of land sold for taxes does not offer to redeem until after the holder of the certificate is entitled to a deed, which he is prevented from obtaining only by an injunction wrongfully sued out by the owner, the offer comes too late, and the title passes to the holder of the certificate.

*Appeal from Guthrie District Court.*

MONDAY, DECEMBER 10.

ACTION IN EQUITY. Both parties appeal.

*C. A.* and *J. G. Berry* and *McCaughan, Dabney & Mc-Caughan,* for appellants.

*Fogg, Long & Neal,* for appellee.

SEEVERS, J.—In 1876, the assignor of the defendant, Smith, purchased the real estate in controversy at a delinquent tax sale. In 1880, the defendant procured the treasurer to convey the premises to him, upon his surrendering the certificate of purchase, which was marked "canceled" by the treasurer, and filed in his office. The land when sold for taxes belonged to one McBride. In April, 1882, the plaintiff purchased the land of McBride, and the same was conveyed to him. When he purchased the land, the plaintiff had knowledge that it had been "sold at tax sale, and that a tax deed was standing against it." About the time this action was commenced, the defendant discovered that the tax deed was void, because the notice required by law, and upon which the validity of the tax deed depended, had not been served upon the proper person. The defendant was taking steps to have the notice properly served, when the plaintiff filed an amended petition in equity, asking an injunction restraining the defendant from making completed service of said notice, on the ground that a tax deed had been issued and the certificate of purchase surrendered and canceled, as above stated. The injunction was granted. But for the injunction, the defendant, as appears from an agreed statement of facts, would have filed the required affidavits and made completed service of the notice on the third day of July, 1882, and would have been entitled to a deed in ninety days thereafter, or on the second day of October. The final

decree in this case was entered on the sixth day of October. An answer and cross petition were filed by the defendant, and a reply by the plaintiff. The reply was filed on the sixth day of October, and therein the plaintiff for the first time expressed a willingness to reimburse the defendant for money paid as taxes, if the court should be of opinion that he was entitled thereto. The district court determined that the plaintiff had the right to redeem, and required him to pay a fixed amount within a specified time. From this portion of the decree the plaintiff appeals. The court further decreed that, upon the payment of the money aforesaid, the title to the real estate should be quieted in the plaintiff. From this portion of the decree the defendant appeals.

The main controversy arises on the defendant's appeal. The original theory of the plaintiff, and upon which he obtained the injunction, was that, when the defendant surrendered the tax certificate and the same was marked canceled by the treasurer, and the premises conveyed to the defendant, then the certificate ceased to be evidence of the matters recited therein; that it had accomplished its purpose, and ceased to be a valid instrument upon which any right could be based. But a valid tax deed cannot be executed until ninety days after the completed service of the required notice. Code, § 894. The deed, therefore, was void, because prematurely issued. The deed being void, the surrender and cancellation of the certificate were also void. The certificate, therefore, had the same force and effect as if it had never been surrendered. The defendant thereunder, and by virtue of the purchase at tax sale, was entitled to a deed upon giving the requisite notice. The plaintiff had the right to redeem at any time prior to the time the defendant was entitled to a deed, and not afterward. *Pearson v. Robinson*, 44 Iowa, 413; *Schofield v. McDowell*, 47 Id., 129.

But for the injunction, the defendant would have been entitled to a deed on the second day of October, 1882. The plaintiff did not offer to redeem until the sixth day of Octo-

ber, 1882, or not until after the defendant was entitled to a deed. He had knowledge of the sale, and of the time his right to redeem would expire. The district court held that the injunction was wrongfully obtained. By his own wrong the plaintiff prevented the defendant from obtaining the conveyance he was legally entitled to. But the plaintiff's right to redeem expired when the defendant became entitled to a deed. The pendency of the action should not affect the rights of the parties. The plaintiff could have offered to redeem prior to the time the defendant became entitled to a deed. The right to redeem must be exercised within the time given by the statute. Failing to do so, such right cannot be afterward exercised, and, if the right did not exist, the court could not give it in or by the decree. It is unnecessary to consider the appeal of the plaintiff, further than to say that he has leave to withdraw from the court below the money paid in pursuance of the decree. The defendant is entitled to a conveyance from the treasurer and to have the title quieted in him.

REVERSED.