REEVES v. BREMER COUNTY.

1. **Tax Sale:** PAUPER'S LAND: REDEMPTION BY COUNTY, WITHOUT PAYMENT, NOT VALID. Land belonging to an inmate of the county poorhouse was sold for taxes, and notice of the expiration of the time for redemption was duly given. Before that time had expired, the county supervisors directed the auditor to draw a warrant on the treasurer for enough to redeem the land, and therewith to redeem it. The auditor did not draw such warrant until after the time for redemption had expired, but before that time he issued a certificate of redemption to the county, and afterwards the pauper conveyed the land to the county. Waiving the question whether the county had the right to redeem, *held* that no redemption was made, because no money was paid to the auditor

until after the time for redemption had expired, when he was not authorized to receive it, and that the certificate. of redemption was properly set aside in equity as invalid.

*Appeal from Bremer District Court*—Hon. G. W. Ruddick, Judge.

Wednesday, October 26.

Action in chancery to set aside a certificate of redemption of land sold for taxes issued to defendant, and to declare the redemption void. There was a decree in the district court granting the relief prayed for by plaintiff. Defendant appeals.

*W. S. Kingsley*, for appellant.

*E. L. Smalley*, for appellee.

Beck, J.—I. The plaintiff was the purchaser at a tax sale of certain land owned by one Rose Ann McGarrett. The time for redemption expired October 17, 1883, under the notice required by law to cut off the right of redemption, which was duly served. Mrs. McGarrett was at the time a pauper, supported by defendant in its poor-house. Before the right of redemption had expired, the supervisors passed a resolution directing the auditor to draw a warrant upon the county treasurer for a sum sufficient to redeem from the tax sale, and the auditor thereupon, without having issued the warrant, or received money for the redemption from any source, issued a certificate of redemption for the land to the county. Subsequently Mrs. McGarrett conveyed the land by a warranty deed to the county. The warrant upon the county treasurer was not issued by the auditor until more than two months after the certificate of redemption was issued. Plaintiff, after the expiration of the time for redemption, demanded a tax deed, which was refused, upon the ground that the land had been redeemed.

II. Assuming, without so holding, that the county was authorized, as the agent of Mrs. McGarrett or otherwise, to

redeem the land, we are of the opinion that there was no lawful redemption made, for the reason that no payment was made to the auditor when the certificate was issued, or at any subsequent time prior to the expiration of the time for redemption. Code, § 890, prescribes that redemption from tax sales may be made by payment to the county auditor of the amount required by law. For obvious reasons, payment is essential to authorize the redemption; the controlling reason being that the statute is so written. The auditor cannot issue a certificate which will have the effect to cut off the right of the holder of the certificate of purchase when no money is paid. He cannot be required to wait the pleasure or convenience of others for the money. It must be on hand, otherwise there is no redemption. The fact that when plaintiff called for the tax deed the warrant had been issued by the auditor, does not defeat his right, which accrued upon default of payment before the time for redemption expired. He then acquired the right to the deed, which cannot be defeated by payment made afterwards.

Upon these grounds we are of the opinion that the decree of the district court ought to be

AFFIRMED.