MANHATTAN TRUST CO. V. RICHARDS TRUST CO. *et al.*

1. A mortgagee, after assigning the mortgage with a guaranty of payment, may acquire a tax title to the premises covered thereby, prior to foreclosure.

2. Though, as an abstract proposition of law, a mortgagee may acquire a tax title to the premises after assigning the mortgage with a guaranty

of payment, the assignee of the mortgage will be allowed a reasonable time to redeem, if it would be inequitable to decree otherwise.

(Opinion filed July 11, 1900.)

Appeal from circuit court, Beadle county.  Hon. A. W. CAMPBELL, Judge.

Action by the Manhattan Trust Company against the Richards Trust Company and another to cancel a certain real estate conveyance.  From a judgment for defendants, plaintiff appeals.  Modified.

*Pyle & Taylor* and *Sterling & Morris,* for appellant.

*E. H. Aplin, T. H. Null,* and *Horner & Stewart,* for respondents.

FULLER, P. J.   Plaintiff, the holder of a sheriff's deed  to certain real property based upon a  mortgage  foreclosure, brought this action to cancel a conveyance which the defendant Null obtained from the holder of a tax title,  and  this appeal is from a judgment dismissing the complaint on failure to comply with the following  interlocutory  order:  "The above cause coming on for trial, and the  parties  appearing  in  open court by their attorneys, and waiving trial by  jury  and  waiving testimony, submitted the case to the court upon the pleadings.   The court finds all  the  allegations of  the  defendant Thomas H. Null's answer to be true, and the court further finds that the plaintiff is entitled to redeem  the  premises  from  the tax liens and title held by defendant Null.   Now, therefore, it is ordered that the plaintiff pay to the defendant  Null,  within twenty days after  the  service  of  this order, the sum of five hundred and thirty-eight dollars and eighty-five one-hundredths dollars, in redemption of the premises, and upon such payment

defendant Null convey his title by deed of grant to the plaintiff; and it is further ordered that in case such payment shall not be accepted, and such conveyance executed, by defendant Null, then the plaintiff shall deposit the amount with the clerk of this court, and in that event plaintiff will be entitled to such decree as may be necessary to protect and preserve its rights in the premises, and secure a full redemption from defendant Null's liens and title.  And it is further ordered that, in case plaintiff shall fail to make the payment herein before mentioned within twenty days from the date of the service of this order, then, and in that event, the defendant Null will be entitled to a decree adjudging him to be the owner of the premises, and excluding the plaintiff from any claim or interest therein. The court further finds that the plaintiff has no cause of action against the defendant Richards Trust Company, and as to said defendant this action is dismissed."

For all essential purposes, the facts may be stated thus: On the 2d day of January, 1886, the original owners of the premises in controversy gave the American Investment Company a mortgage thereon to secure the payment of their promissory note for $1,600, which said company afterwards sold to appellant, and, by an instrument in writing, guarantied payment of both principal and interest at maturity.  On the 9th day of May, 1893, the American Investment Company, through its authorized agents, procured from the mortgagors a deed to the premises, and obtained from appellant an agreement to extend to December 1, 1895, the time when the above-mentioned note must be paid.  For the taxes assessed against the premises for the year 1887, the same were sold in separate tracts in 1888 to the American Investment Company, who caus-

ed the certificates to issue to W. C. Cady, an employe, who held the same as its trustee. It was alleged in the answer of Null, and by the trial court accepted as true, that such certificates were taken by and held in the name of Cady, at the instance of the company, "for the express purpose of preventing a merger of such tax sale certificates with any other right, title, or interest said American Investment Company may have then had, or might thereafter acquire, in or to the real property involved in this action, and, until the conveyance to this defendant hereinafter mentioned, said American Investment Company always, and at all times, kept its interest in said real property under said tax sale certificates, and the tax deed subsequently issued thereon, separate and distinct from any other right, title, or interest it may have had at any time in said real property." It is alleged in the separate answer of Null, and the court found, that the American Investment Company purchased the property at tax sale as an investment merely, to secure to itself the interest that would accrue, and paid the taxes of subsequent years "for the sole purpose of protecting its interest in said lands under said tax certificates, and not because of any other duty or liability, and especially not because of any duty, obligation, or liability to the plaintiff; that no part of the moneys so paid out by the American Investment Company have ever been repaid to it by the plaintiff or any other party." On the 9th day of March, 1897, a suit instituted by appellant to foreclose its mortgage, and to which neither the American Investment Company nor the holder of the tax certificates were made parties, terminated in a decree pursuant to which the premises were sold for $2,250.78, "being the full amount due on said note and mortgage and costs of foreclosure, and said decree

was thereby satisfied in full; that the plaintiff was the purchaser at said sale, and on the 26th day of July, 1898, received a sheriff's deed to the premises."

The proceedings of the taxing officers being unquestioned, the tax deed of the American Investment Company, through whom respondent Null acquired title for a valuable consideration, must be considered regular, and the right of said company to acquire a tax title after guarantying the payment of appellant's note secured by the mortgage is the only point requiring attention. While the taking and negotiation of the mortgage, with a guaranty of payment in full to appellant at maturity of note, imposed upon the American Investment Company no legal obligation to pay taxes for the delinquent mortgagor, it was, by reason of being bound to pay all that appellant failed to realize from a sale of the land, directly interested in preventing a tax sale of the premises to a stranger, and, in view of all the circumstances disclosed by the record, the unverified statement of the respondent Null, made many years afterwards, is no proof of any express intention on the part of his grantor to prevent a merger by having the tax certificates issued to one of its corporate agents. It is alleged in the complaint that, after obtaining a deed from the mortgagors, and as part consideration for the extension of the time secured from appellant, the American Investment Company agreed that all the covenants of the mortgage, including the payment of taxes, should continue in full force, and apply to the security of the debt, the same as though the note and mortgage had been originally given by such corporation.

In view of the insolvency and inability of the American Investment Company to respond to its guaranty by the pay-

ment of any deficiency that might arise from a foreclosure and sale of the mortgaged premises, there was nothing of value to be gained by making it a party defendant in the former proceeding to foreclose, and the fact that the premises were bid in by appellant for the full amount due, together with costs and disbursements, furnishes no substantial reason for depriving such assignee of the mortgage of all the money it has invested and expended on account of the loan.

By submitting the case to the trial court without any evidence, and upon pleadings which suggest a diversity of inferences, the parties have made it extremely difficult to determine the actual facts, and we shall therefore not attempt to dispose of the specific questions of law discussed in their briefs upon different theories as to what the proof shows. As an abstract proposition, it would seem that one who merely binds himself to pay any deficiency remaining unsatisfied upon an obligation secured by a mortgage on land, after a foreclosure and sale is had, may acquire title to such land at a tax sale prior to the foreclosure or payment of the obligation; but the circumstances of this case, as near as ascertainable, disclose parties whose relation to each other and to the subject of the action render it unjust to allow either to wholly defeat the claim of the other. Our conclusion is that the interlocutory order of which appellant complains, and by which it was adjudged to be entitled to redeem from the tax liens and title held by respondent Null upon payment of a specified amount, is clearly equitable, and the case is remanded, with the direction that a reasonable time be allowed appellant to comply therewith. Upon failure so to do, let the case be disposed of as before. Thus modified, the judgment appealed from is affirmed.