HENRY BITZER Appellee, v. THEODORE BECKE, THE BOARD OF SUPERVISORS OF MUSCATINE COUNTY, E. C. STOCKER, County Auditor, AND S. L. JOHNSON, County Treasurer, Appellants.

Homestead: SALE FOR TAXES. Under section 876 of the Code of
1  1873, a homestead not separately listed could be sold for taxes on other property belonging to the same owner.

Redemption From Tax Sale: EXTENSION OF TIME. Where a property
2  owner before his right of redemption expires brings a suit in equity to enjoin the execution of a tax deed to his homestead, pursuant to a sale for an amount including the tax on other property, and tenders in redemption the amount he claims due and offers to pay whatever the court may adjudge, he should be granted a reasonable time in which to redeem after the amount due is determined, though the statutory period for redemption has expired.

Dissolution of Injunction: HARMLESS ERROR. Where in a suit to
3  enjoin the issuance of a tax deed the court properly extended

the period for redemption at the time a demurrer to the petition was sustained, failure to then dissolve the temporary injunction was without prejudice.

*Appeal from Muscatine District Court.*—HON. W. F. BRANNAN AND HON. P. B. WOLFE, Judges.

FRIDAY, APRIL 10, 1903.

SUIT in equity to enjoin the execution of a treasurer's deed, pursuant to a tax sale of plaintiff's homestead for a sum, including taxes on personal property. A temporary writ of injunction was issued without notice. At the hearing, a demurrer to the petition was sustained, but the court fixed a time within which plaintiff might redeem, and continued the temporary writ. Subsequently, by supplemental petition, plaintiff alleged the making of tender, before the expiration of the statutory time of redemption, of the amount of the tax on the homestead separately, and further alleged a tender, after the former order of the court allowing a time within which to redeem, of the amount required for that purpose, and refusal of the auditor to accept the same; and asked for relief on that basis. A demurrer to the first division of the supplemental petition was sustained, but the court decreed that the acts of plaintiff in tendering the redemption money to the auditor, and, on the auditor's refusal to accept it, paying into the hands of the clerk of the court, constituted a redemption. Defendants appeal from the first order allowing plaintiff to redeem after the statutory period for redemption had expired, and from the subsequent order declaring the act of plaintiff pursuant to the first order a redemption.—*Affirmed.*

*Jayne & Hoffman* for appellants.

*Richman & Richman* for appellee.

DEEMER, J.—As plaintiff's homestead was not separately listed as provided in section 876 of the Code of 1873,

which was in force when the tax sale was made, the sale

**1.** Sale of homestead for taxes.

thereof for all taxes assessed against the owner, as well those on personal property as those upon the homestead itself, was valid. *Salter v. City of Burlington,* 42 Iowa, 531. The demurrer interposed against the original petition and the first division of the supplemental petition were, therefore, properly sustained.

Did the court err in granting plaintiff additional time to redeem? This is the pivotal point in the case. Plaintiff brought his original action before the statutory time had

**2.** Redemption from tax sale: extension of time.

expired, but the demurrer to the petition was not ruled upon until afterward. He alleged in his supplemental petition that he had made a tender of the amount of taxes on the homestead before beginning his suit, and before the statutory time had expired; that he was ready and willing to pay whatever amount the court should adjudge necessary to entitle him to redeem; and that, after the ruling on the demurrer, he had made a tender of the amount of all the taxes to the county auditor within the time fixed by the court for redemption, which amount he had deposited with the clerk. He claims that, having commenced his suit before the statutory time had expired, having made tender of the amount which he claimed was due and averred a readiness to pay whatever amount the court should find due against the property, the trial court, in virtue of its inherent power had the right to extend the statutory period and to preserve plaintiff's rights during the pendency of the proceedings. It should be noticed that the action is in equity, and that plaintiff averred a readiness to pay whatever amount in redemption the court should adjudge was necessary. The statutory period had not expired at that time, and the only object in commencing the suit was to determine the amount which plaintiff should pay in order to redeem under the statute. For some reason, the case was not tried until after the statutory period had expired.

There is no evidence of bad faith on plaintiff's part, and the only question is, did the court err in granting plaintiff a short time—three days—in which to pay the amount necessary to redeem, as found by the court in its ruling on the demurrer?   Ordinarily, an owner whose land has been sold for taxes must make redemption within three years from the date of sale, and he cannot insist on that right after the period has expired.   Even though no deed has been issued, this rule obtains.   *Pearson v. Robinson*, 44 Iowa, 413; *Long v. Smith*, 62 Iowa, 329.   But there are many cases where, upon equitable grounds, the statutory period has been extended; as, for example, mistake of county officials (*Corning Co. v. Davis*, 44 Iowa, 622; *Noble v. Bulles*, 23 Iowa, 559); bad faith of party or attorney (*Lynn v. Morse*, 76 Iowa, 665); misconduct of county officials (*Shoemaker v. Lacey*, 38 Iowa, 277).   There was no misconduct or mistake of officials in this case.   Nor was there any bad faith on the part of the tax-sale purchaser. The mistake, if there was one, was of law, but even in such cases relief has sometimes been granted in other jurisdictions.   *Manhat an Co. v. Richards*, 13 S. D. 377 (83 N. W. Rep. 425); *Harney v. Charles*, 45 Mo. 157; *McKay v. Smith*, 27 Wash. 442 (67 Pac. Rep. 982).   If the case rested solely on equitable grounds, for example, plaintiff's mistake of law regarding the amount of taxes he should have paid in order to effectuate redemption, we should be inclined to sustain the action of the trial court in extending the period of redemption.   Equitable circumstances, no matter how new or complicated, may justify a court in extending the right to redeem beyond the statutory period.   On general principles, a court of equity may extend the time to redeem.   *Teabout v. Jeffrey*, 74 Iowa, 28.

But there are stronger reasons than these for affirming the action of the trial court.   Plaintiff commenced his action before the statutory period in order to secure an adjudication as to the amount he should pay in order to

effectuate a redemption, and averred a readiness to pay whatever amount the court should award. Ordinarily, a court of equity has power to preserve or continue a right, existing when the action is brought, until the termination of the litigation. If this were not true, many rights would be lost without any fault on the part of litigants. Plaintiff had a right to resort to the courts for a determination of the amount he should pay in order to redeem his property from tax sale. This right being conceded, it must follow, as a necessary conclusion, that, when action is brought to establish that right, a court of equity has power to enforce it, and to make its decree of some avail. Plaintiff tendered the amount he claimed was due, and offered to pay in redemption whatever amount the court should adjudge. He was not bound to tender the entire amount claimed, for this in itself would defeat his action. Moreover, actual tender is not required in equity. Averment of readiness and willingness to pay whatever amount should be found due is all that is required in this forum. *Taylor v. Ormsby*, 66 Iowa, 112; *Crawford v. Liddle*, 101 Iowa, 148; *Binford v. Boardman*, 44 Iowa, 53. For the purpose of the case, this offer, made before the statutory period had expired, was the equivalent of an actual tender of the amount of the taxes due.

Appellants' counsel rely with great confidence on *Long v. Smith*, 62 Iowa, 329. But in that case it appeared that the tax-sale purchaser was entitled to a deed on October 2, 1882. The holder of the legal title commenced his action to enjoin the tax-sale purchaser from giving notice of the expiration of the period of redemption, some time prior to this date, but he did not aver a readiness to pay the taxes and to reimburse the tax-sale purchaser until the 6th day of October, which was the date on which the decree was entered. The decision was made to turn on the fact that plaintiff did not offer to redeem until after the period of redemption had expired, and not until after

the time the purchaser was entitled to a deed. It is distinctly stated in the opinion that plaintiff did not offer to redeem until after the defendant became entitled to his tax deed. Of course, if one has let the time pass by within which to redeem, the court will not, in the absence of a showing of equitable circumstances, permit him to make redemption. This was the situation in the *Long Case.* But in the case now before us the plaintiff commenced his action before the time had expired, and averred readiness to pay whatever amount the court should decree. It would be a reproach to the law to say that under such circumstances the court could not make the necessary orders to preserve its jurisdiction and to render its decree effectual.

When the demurrer to the supplemental petition was sustained, the court should, no doubt, have dismissed the temporary writ of injunction, and its failure to do so was perhaps error. But the error was without

3. DISSOLUTION of injunction: harmless error.

prejudice, for the court had inherent power to protect plaintiff in the rights decreed him, and could restrain defendants from taking their tax deed until the expiration of the three days allowed.

There is no prejudicial error in the record and the decree is AFFIRMED.