E. E. WOOD, Appellant, v. EDWARD COAD, *et al.*

Taxation : RIGHT OF REDEMPTION: PREMATURE DEED. Code, section 1441, absolutely fixes the time for redemption of property sold for taxes to ninety days after completed service of notice, and this time is not extended by the premature issuance of a tax deed.

*Appeal from Woodbury District Court.*—HON. JOHN F. OLIVER, Judge.

FRIDAY, APRIL 10, 1903.

ACTION in equity to redeem from a tax sale. Judgment for the defendants. The plaintiff appeals.—*Affirmed.*

*R. M. Dott* for appellant.

*J. W. Hallam* for appellees.

SHERWIN, J.—The land which the plaintiff seeks to redeem was sold on the 2d day of December, 1895, for the taxes of the previous year. On the 22d day of October, 1898, a notice of the expiration of the right of redemption was duly served; and this notice, together with an affidavit of service duly made, was filed in the county treasurer's office of Woodbury county on the 26th day of October, 1898, and duly recorded. No redemption was made or attempted

until this suit was brought, in September, 1900. On the 24th day of January, 1899, the treasurer issued a tax deed to the defendants, and in February, 1901, another one.

The sufficiency and regularity of the redemption notice, the return, and the affidavit of service are not questioned. But the appellant contends that, because the deed was issued prematurely, he still has the right to redeem. This position, however, is not sound. The statute fixes the owner's right to redeem, and by that he must be governed. Section 1441 of the Code provides for the service of a notice of expiration of the right of redemption after two years and nine months from the date of the sale, and limits the right of redemption to ninety days after the service of such notice is complete as therein provided. This limit of time we have held absolute for and against the owner where prior proceedings have been regular and legal, and the simple right to redeem is involved. *Pearson v. Robinson,* 44 Iowa, 413; *Ellsworth v. Low,* 62 Iowa, 178; *Long v. Smith,* 62 Iowa, 329. And these cases dispose of the appellant's contention, as we view the matter, for the issuing of a deed before the expiration of the statutory period cannot possibly affect the owner's right. All that he is required to do is to make his redemption or deposit his money therefor within the time and in the manner provided by law, and he is absolutely protected. Nor can it make any difference to him whether the certificate holder takes his deed as soon as he is entitled to it or not, because it is not the execution or non-execution of the deed which fixes the time within which he must redeem. It is the completed service according to law, and the filing of the notice of the expiration of his right to redeem, which starts the limitation of time against him, and nothing else. *Swope v. Prior,* 58 Iowa, 412, is not in conflict with this view, or with the cases cited herein. There it was stipulated, among other things, that the affidavit of service of the expiration notice was not made by the persons designated

by the statute.   It was, in legal effect, no notice, as had been repeatedly held, and consequently the plaintiff would have ninety days from the filing of a statutory notice; and such, o ly, is the holding of that case.   The same observation may be applied to *Bowers v. Hallock*, 71 Iowa, 218; *Ellsworth v. Van Ort*, 67 Iowa, 222; and *Stevens v. Murphy*, 91 Iowa, 356.

We do not further discuss the question of the subsequent deed issued by the treasurer to the defendants, because we deem the subject entirely foreign to the issue before us.

The judgment of the district court is AFFIRMED.