B. A. MORGAN, Appellant, v. GEORGE W. GILBERT, County Treasurer, et al., Appellees.

FEBRUARY 12, 1929.

C. H. E. Boardman, for appellant.

E. N. Farber and R. L. Pell, for appellees.

FAVILLE, J.—Appellant is the owner of certain real estate subject to taxation in Marshall County. Appellee Gilbert is the county treasurer of said county. On or about March 29, 1926, the appellant ascertained the amount of the first half of the taxes assessed against his property in said county for the year 1925, the amount being $712.44. On said date, the appellant executed and delivered to the county treasurer his check drawn on the Marshalltown State Bank for said amount. Thereafter, to wit, on April 3, 1926, the county treasurer duly made out tax receipts, four in number, aggregating the amount of said check, and representing the full payment of the first half of the 1925 taxes upon the appellant's said property. At that time, the appellant was not present in the treasurer's office, and the receipts so made out were placed in an envelope, and marked with the appellant's name, and were laid aside for delivery to him. The record shows that, had the appellant been present at said time, said receipts would have been delivered to him. Nothing further appears to have been done in the matter until April 14th, at which time the treasurer deposited said check, with others, in the First National Bank of Marshalltown. The Marshalltown State Bank, upon which said check was drawn, closed on the same day on which the check was deposited by the county treasurer in the First National Bank, and payment was not made thereon. It further appears that, at all times between the execution and delivery of said check and said 14th day of April, the time the bank closed, the appellant had on deposit in said bank

sufficient to pay said check in full, had the same been presented. On the said 14th day of April, 1926, the county treasurer entered upon the *tax list* of said county an entry showing that the said taxes, amounting to $712.44, had been paid in full. Later, a pencil notation was made upon said books, to the effect that said tax receipts were "canceled and not paid." The receipts themselves were never canceled. It further appears that the county treasurer has treated the said sum of $712.44 as though it had been paid to him in cash by the appellant. The entries in his books have been made in the same manner as though the said sum of $712.44 had been paid into the hands of the treasurer in cash. The various funds have received proper credit for their proportionate share of said amount. The cash book carries a debit against these tax receipts for the full face thereof, and shows such amount "paid in full, as though it were cash in the drawer." By stipulation and arrangement subsequently made between the parties, the sum of $498.69 was realized as dividends paid by the bank upon which said check was drawn, and the treasurer received said sum; but it appears that no entry whatever has been made in respect thereto in the books of the treasurer. So far as the treasurer's cash book is concerned, the amount shown by such receipts has been distributed, and a portion of the money spent.

We have recently had before us the question of the payment of taxes to a county treasurer in *Rundel v. Boone County*, 204 Iowa 965. We therein recognized the general rule that it is the duty of every person subject to taxation to attend at the office of the county treasurer and pay his taxes, and that such payment must be made in money only, with the exceptions expressly provided in the statute. In said case we said:

"It was the statutory duty of the county treasurer to have required that the actual money should be paid to him in cash, before the delivery of the tax receipt to the taxpayer or to the bank. A public interest is here involved, and the public are entitled to have the taxes paid in the manner pointed out by the statute. The public revenues must be collected by the county treasurer substantially in the manner provided by the statute, and accounted for in full by him."

The question involved here is: Did the appellant in fact

pay his taxes, under the circumstances shown? The giving of the check to the county treasurer was not a payment of taxes, as required by the statute, because it was not a payment in money or in any of the means of payment of taxes recognized by the statute. It was, in a sense, a conditional payment. The check was not honored, and the county did not receive the money for the taxes. The negligence of the treasurer in failing to present the check within the proper time is not chargeable to the county. The transaction differs essentially from the ordinary commercial transaction. It was the duty of the appellant, under the statute, to attend at the treasurer's office and pay his taxes in cash. He attempted to do so by a check, instead of by the payment of cash. If the treasurer was negligent in presenting the check and receiving the money, his negligence must be charged to the appellant, in so far as the public is concerned. Appellant, in a sense, made the county treasurer his agent to collect the check, and the right of the public to receive the taxes in cash cannot be prejudiced by the negligence of the treasurer in failing to present the check expeditiously.

A more difficult situation, however, confronts us regarding the conduct of the treasurer in treating the check, as the testimony shows, as "cash in the drawer," and in making distribution of the amount to the various funds in exactly the same manner as though the treasurer had received the actual cash from the appellant. The tax receipts were properly made out, and, as the treasurer says, would have been delivered to the appellant at the time, had he been present. They were laid aside for his demand. The amount of taxes due from the appellant has been distributed by the treasurer to the various funds in which it belonged, as shown by his books, exactly as though the treasurer had received the cash therefor, and a portion of the fund so distributed has been spent. This, however, was a matter of bookkeeping by the treasurer. It may have a bearing on the question of his personal liability, but it does not affect the ultimate question that the appellant has not in fact paid his taxes in money to the county. The *Rundel* case differs essentially from the case at bar, in the fact that the taxpayers in said case did pay their money to the county treasurer, or his agent, in full, and received their tax receipts. The fact that the county treasurer made an improper deposit of said money in an unauthorized depositary did not re-

quire the taxpayers, who had in fact complied with the statute, and paid their taxes once in cash, and received their receipts, to pay the same again. But no such situation faces us in the instant case. A public right is here involved, and not a mere matter of bookkeeping on the part of the treasurer. The ultimate fact remains that the appellant has not paid his taxes in the manner required by the statute. Until this is done, he is not entitled to a discharge from the lien that arises by reason of such nonpayment. Suppose that the county treasurer had made out the tax receipts exactly as he did, had placed the same in an envelope, and had marked the taxes on his book as being paid, and had made the entries in his several books showing the same as having been received by him in cash, and had even made distribution of the amount upon his books, without receiving any check whatever from the appellant, and without receiving any money from him, —could the appellant successfully contend that his taxes had been paid? We think not. What recourse, if any, the appellant may have against the treasurer, under the circumstances of this case, is a question with which we have no concern. We must decide but one proposition: namely, did the appellant in fact pay his taxes as the statute requires? There is but one answer to that question, and that must be in the negative. It therefore follows that the judgment of the district court is correct; and it is—*Affirmed.*

ALBERT, C. J., and STEVENS, MORLING, KINDIG, and WAGNER, JJ., concur.

EVANS and DE GRAFF, JJ., dissent.