Vᴇʀɴᴜs Wᴜɴsᴄʜᴇʟ, appellant, v. Dᴜᴀɴᴇ Sɪᴍᴏɴsᴇɴ and Dᴏɴɴᴀ M. Sɪᴍᴏɴsᴇɴ et al., appellees.

No. 49623.

(Reported in 96 N.W.2d 432)

Mᴀʏ. 5, 1959.

Rᴇʜᴇᴀʀɪɴɢ Dᴇɴɪᴇᴅ Jᴜʟʏ 24, 1959.

Russell S. Wunschel, of Carroll, for appellant.

Richard F. Branco, of Holstein, for appellees.

PETERSON, J.—This is an action in equity for quieting title to a property described as Lots 13 to 18 inclusive, Block 1, Town of Arthur, Ida County. An apartment house is located on the property.

December 5, 1955, at a regularly scheduled tax sale in Ida County the above described property was sold to the county, at what is commonly called a "scavenger sale", for the taxes of 1952, 1953 and 1954. September 25, 1956, the tax sale certificate was assigned to defendant Donna M. Simonsen for the amount of the taxes.

November 5, 1956, proper statutory notice of the expiration of right of redemption was given to the owner, Hayward Farms Company, that the right to redeem would expire February 4, 1957. On the last day Anthony S. Quevli, secretary of the company, delivered to the county auditor a check on the First National Bank of Lakefield, Minnesota, in the sum of $776.80, for redemption from the tax sale. The auditor issued a certificate of redemption. The check was worthless and was returned to the auditor on February 11 marked "insufficient funds."

During the interim between February 4 and February 11 Hayward Farms Company deeded the property to plaintiff for $1000, which money was paid by plaintiff to the company on Saturday, February 9.

Monday morning, February 11, Mr. Quevli came to the auditor's office and tendered the money in cash, which tender was refused. Prior to the tender the holder of the tax certificate, Donna M. Simonsen defendant, had demanded either the money

or a deed. When the auditor discovered the check was worthless she noted cancellation of the redemption on the stub of the tax sale certificate and in the treasurer's office. February 11 a treasurer's tax deed was issued to said defendant and duly recorded.

The trial court dismissed plaintiff's petition, from which decree and judgment plaintiff has appealed.

Appellant urges six errors relied upon for reversal, but only three of them are material and merit our attention.

1. The accounts and conduct of the auditor show a redemption of the property from the tax sale.

2. Redemption once made cannot be canceled at the county officer's leisure.

3. Tax certificate is conclusive evidence that the taxes have been paid.

Discussion of these contentions inheres in our consideration of the issues of the case.

I. In order to properly evaluate the situation a more detailed statement of the facts, and sequence of events, is advisable. The next day after Mr. Quevli had deposited the check with the auditor, she called the bank at Lakefield and was advised the check was not good. She deposited it, however, and sent it through regular channels. It did not return until February 11 at about ten o'clock a.m. In the meantime Mr. Quevli had made a trip to Lakefield to try to arrange a loan to cover the check, but was unable to do so. He contacted Mr. Wunschel for a loan, which was refused, but plaintiff said he would buy the property for $1000. Mr. Quevli said he had to have the money at once. In order to expedite the matter he took the abstract to plaintiff's attorney at Carroll who reported to plaintiff on Saturday, February 9, that the title was good, with the exception of a tax sale appearing on the abstract. Mr. Quevli then exhibited the redemption certificate to plaintiff and closed the transaction the same day.

Monday, February 11, at about 8:30 a.m., counsel for defendant tax certificate holder demanded deed from Ida County for the property or demanded a refund of her money. The auditor was not able to pay the money because the check was worthless. She, therefore, advised the treasurer to issue a

treasurer's tax deed to the certificate holder. At about ten o'clock the check marked "insufficient funds" came back from the bank. Thereafter, Quevli came in and tendered the cash, which tender was refused by the auditor because the period for redemption had expired and no redemption had, in fact, been made. She advised him the tax certificate holder had demanded a deed, to which she was entitled, and which the county treasurer was in the process of preparing.

If the redemption money has not in fact been paid, because of worthless check or otherwise, no redemption has been made. Reeves v. Bremer County, 73 Iowa 165, 34 N.W. 794; Rundel v. Boone County, 204 Iowa 965, 216 N.W. 122; Morgan v. Gilbert, 207 Iowa 725, 223 N.W. 483.

In Reeves v. Bremer County, supra, the board of supervisors instructed the auditor to issue a warrant to redeem as to tax sale of property of an old-age pensioner. The auditor did not draw the warrant, but marked the property "redeemed" on the records. After statutory period expired, the holder of tax certificate demanded a deed. This court held the holder of tax certificate was entitled to deed because no money for redemption had been paid. Some significant language is used in this case (page 167 of 73 Iowa) as follows:

"For obvious reasons, payment is essential to authorize the redemption; the controlling reason being that the statute is so written. The auditor cannot issue a certificate which will have the effect to cut off the right of the holder of the certificate of purchase when no money is paid. He cannot be required to wait the pleasure or convenience of others for the money. It must be on hand, otherwise there is no redemption. The fact that when plaintiff called for the tax deed the warrant had been issued by the auditor, does not defeat his right, which accrued upon default of payment before the time for redemption expired. He then acquired the right to the deed, which cannot be defeated by payment made afterwards."

In Morgan v. Gilbert, supra, the question involved was that the taxpayer delivered a check which when deposited by the treasurer was not paid because the bank closed the next day. In our decision we said at pages 727, 728 of 207 Iowa: "The question involved here is: Did the appellant in fact pay his

taxes, under the circumstances shown? The giving of the check to the county treasurer was not a payment of taxes, as required by the statute, because it was not a payment in money or in any of the means of payment of taxes recognized by the statute. It was, in a sense, a conditional payment. The check was not honored, and the county did not receive the money for the taxes."

51 Am. Jur., Taxation, section 1132, states: "* * * the cases seem to assume that a valid redemption cannot be based upon the act of an officer in accepting in redemption a worthless check or other worthless paper * * *."

 Redemption cannot be made after expiration of the ninety-day statutory period. Mr. Quevli tendered the cash on February 11, but this was seven days after the period of redemption had expired. Harrison v. Owens, 57 Iowa 314, 10 N.W. 674; Ellsworth v. Low, 62 Iowa 178, 17 N.W. 450; Long v. Smith, 62 Iowa 329, 17 N.W. 579; Wood v. Coad, 120 Iowa 111, 94 N.W. 264; Bitzer v. Becke, 120 Iowa 66, 94 N.W. 287; 51 Am. Jur., Taxation, supra; State ex rel. Bell v. McCullough, 85 Mont. 435, 279 P. 246, 66 A. L. R. 1033.

In Wood v. Coad, supra (page 112 of 120 Iowa), this court said: "All that he [owner] is required to do is to make his redemption or deposit his money therefor within the time and in the manner provided by law, and he is absolutely protected. Nor can it make any difference to him whether the certificate holder takes his deed as soon as he is entitled to it or not, because it is not the execution or nonexecution of the deed which fixes the time within which he must redeem."

In Bitzer v. Becke, supra (page 69 of 120 Iowa), this court stated: "Ordinarily, an owner whose land has been sold for taxes must make redemption within three years from the date of sale, and he cannot insist on that right after the period has expired. Even though no deed has been issued, this rule obtains."

The same doctrine applies in other states, as shown by the following statement in State ex rel. Bell v. McCullough, supra, 85 Mont., at page 438, page 247 of 279 P.: "The right to redeem is wholly statutory, and such statutes are liberally con-

strued; yet the person seeking to redeem must bring himself within their provisions."

II. If this was a case between the Hayward Farms Company as owner of the property, the defendants, and the auditor we would have no problem in connection with a decision in the matter. Any questions arising between said parties have already been settled in decisions of this court.

Appellant contends he is an innocent purchaser, without knowledge of the defects in the redemption certificate, and as such the equities are with him rather than with defendants. He contends that when the auditor delivered a redemption certificate to Mr. Quevli which he could take out and exhibit to any interested party, and which he did exhibit to plaintiff, the plaintiff had a right to give full faith and credit to such a document in connection with closing any transaction concerning the property.

The legal question in a situation such as this has never heretofore been before our court. Appellant practically rests his case upon the somewhat similar case of Seward v. Fisken, 122 Wash. 225, 210 P. 378, 27 A. L. R. 1208. We will give this case specific attention later.

If from the record we could determine that Mr. Quevli had informed plaintiff about his worthless check, and the fact that there was no redemption, that would conclude the matter. It does not appear that Mr. Quevli informed plaintiff to this effect prior to the closing of the transaction on Saturday, February 9. As an honorable man he had an obligation to tell plaintiff, which he failed to do.

In this equity case we should take one further step. If the circumstances and conditions were such that as a reasonably prudent man plaintiff should have become alerted to the fact that there was something wrong in connection with the tax situation he would be subject to the tax redemption situation to the same extent as if he had actual knowledge.

The facts of the case establish such a situation. Three matters were present which should have alerted plaintiff. First: Mr. Quevli was in a great hurry to close the transaction. As plaintiff testified concerning Quevli: "He stated he wanted the money immediately and wanted it in cash." Normally such

urgency is not present, unless there is something in connection with the transaction which needs investigation. There is another angle connected with the property which doubtless caused plaintiff to fail to guard his interests in connection with the transaction as he should have done. The purchase was very good and profitable. From the evidence of Mr. Simonsen we find that between February 4, 1957, and October 1, 1957, he had collected $335 rent and had $60 coming. This makes $395 rent for eight months or almost $50 per month from a property which plaintiff was buying for $1000. It is true Mr. and Mrs. Simonsen had made some repairs, but they were not extensive. Plaintiff traded his desire for this excellent investment for reasonable caution.

Second: While Mr. Quevli apparently did not tell plaintiff about his difficulties with tax redemption concerning the property involved in this case, he did tell him he needed the money in connection with making redemption as to another property which had been sold for taxes and which had to be redeemed immediately. This property was known as the bowling alley property. A reasonably prudent man should immediately have thought that if the man trying to sell him a piece of property was having tax redemption troubles with reference to another piece of property it would behoove him to make inquiry at the auditor's or treasurer's office with reference to the property he was purchasing. A telephone call to the auditor would have advised him in five minutes that redemption had, in fact, not been made as to the property which he was planning to buy.

Third: Plaintiff was derelict in not having the abstract of title extended to the hour of the closing of his transaction. It is true he had Mr. Quevli take the abstract to his attorney at Carroll for examination on Saturday morning. Plaintiff testified concerning the abstract as follows: "On Saturday afternoon I received a telephone call from my attorney in regard to the title to the property. He said the title was good except on checking into the taxes." If he had heeded these words as to taxes, or if plaintiff had requested or insisted that the abstract company extend the abstract to date before closing the transaction, the situation involved in this case would never have

arisen. When the abstract company would check at the auditor's and treasurer's office to show the tax situation, the company would have been informed that there was in fact no redemption. This information perhaps would have been conveyed by verbal statement, but more important the abstract company would have found from the stub of the redemption certificate that the redemption had been canceled.

Instead of becoming alerted by all the conditions above outlined and being cautious as a reasonably prudent man should be with reference to the condition of the title, plaintiff accepted the exhibition of the tax redemption certificate as final. This is where the case of Seward v. Fisken, supra, upon which plaintiff leans so heavily, enters into the picture. In the Seward case the purchaser, in reliance on the certificate, paid his money. The check was returned for insufficient funds and the county treasurer canceled the payment notation on his tax rolls. The court held that when the redemption receipt was once issued it could not be withdrawn to the prejudice of anyone who in reliance upon the receipt has changed his position in respect to the matter affected thereby. The case is similar, but we find no discussion in the opinion with reference to the circumstances and conditions alerting the purchaser. To that extent it is not identical with the case at bar, and we do not accept this Washington decision as a basis for reversal in this equity action.

The decree and the judgment of the trial court is affirmed. —Affirmed.

THOMPSON, C. J., and BLISS, GARFIELD, GARRETT, HAYS, LARSON, and OLIVER, JJ., concur.

THORNTON, J., dissents.